[No. 4923. Decided March 11, 1904.]

THE STATE OF WASHINGTON, *Respondent*, v. MOSES
DRUXINMAN, *Appellant*.[1]

RECEIVING STOLEN PROPERTY—INFORMATION—SUFFICIENCY. An
information charging that the defendent bought and received
"stolen property," knowing that it was stolen property, is sufficient
without further alleging as a fact that it was stolen since the in-
ference that it was stolen is in substance the statement of a fact,
and the information enables a person of common understanding
to know what was intended.

TRIAL—VERDICT ON CONFLICTING EVIDENCE NOT SET ASIDE. A
verdict of guilty will not be set aside upon conflicting testimony
where the evidence for the state warrants the verdict.

TRIAL—ORDER OF PROOF—ADMISSION OF EVIDENCE IN REBUTTAL—
DISCRETION OF COURT. The order of proof is largely in the dis-
cretion of the trial court, and unless injustice has been done, a
case will not be reversed for the admission of evidence in rebuttal
which might have been presented on the state's case in chief.

RECEIVING STOLEN PROPERTY — KNOWLEDGE THAT SAME WAS
STOLEN—INSTRUCTIONS. Upon a prosecution for receiving stolen
goods, it is proper to instruct that defendant's knowledge of the
theft need not be direct, and that it is sufficient if the circum-
stances were such as to make the defendant believe that they were
stolen.

TRIAL—INSTRUCTIONS—WEIGHT OF THE EVIDENCE OF EACH WIT-
NESS. It is not error in instructing that it is the duty of the jury
to give proper weight to the testimony of each witness to fail to
give any definition of the meaning of proper weight.

JURY—MISCONDUCT—NEW TRIAL—IMPROPER REMARK NOT INFLU-
ENCING THE VERDICT. The fact that a juror stated in the jury
room that the defendant had been tried several times on similar
charges is not ground for a new trial on account of the improper
conduct of a juror, where it does not appear that the remark had
any influence upon the verdict.

Appeal from a judgment of the superior court for King
County, Bell, J., entered July 11, 1903, upon a trial and

[1]Reported in 75 Pac. 814.

17-34 WASH.

conviction of the crime of receiving stolen property. Af-
firmed.

*Ballinger, Ronald & Battle,* for appellant.
*W. T. Scott* and *Elmer E. Todd,* for respondent.

Dunbar, J.—The defendant was convicted of buying,
receiving, and aiding in the concealment of stolen goods,
knowing the same to have been stolen. The following er-
rors are assigned on appeal: (1) Error in overruling ob-
jection to the introduction of any evidence; (2) error in
denying motion, at the close of the state's case, to instruct
the jury to acquit; (3) error in overruling challenge to
the sufficiency of the evidence, interposed at the close of
the case, and denying motion for an instructed verdict of
acquittal; (4) error in admitting certain testimony in
rebuttal; (5) error in instructions given to the jury; (6)
error in overruling motion for a new trial; (7) error in
overruling the motion for arrest of judgment; (8) error
in rendering judgment.

The first assignment of error is based upon the alleged
insufficiency of the information to state a cause of action.
The information alleges that the defendant "wilfully, un-
lawfully, and feloniously did buy, receive, and aid in the
concealment of the following stolen property  .  .  .
[describing property], then and there being the property
of the Northern Pacific Railway Company, a corporation,
and the said Moses Druxinman then and there having
bought, received, and aided in the concealment of the
same, knowing that said property, and all thereof, was
stolen property." It is insisted by the appellant that,
unless the property was stolen, the defendant could be
guilty of no crime, and hence the fact that the property
was stolen is a material fact, and must be alleged as well

as proved; and it is asserted that this information nowhere alleges or states the fact that the property was stolen; that the allegation that the defendant did buy and "aid in the concealment of the following stolen property," and the further allegation that the defendant bought, received, and aided in the concealment of the same, knowing that it was stolen property, is only the statement of an inference that the property was stolen, and that an inference is not sufficient in a criminal case, but that the fact must be alleged. It would seem that there could certainly be no room for any other inference from the language of the information than the inference that the property was stolen, and the language, therefore, is in substance the statement of a fact. The test of the validity of the information, so far as this question is concerned, is, does it enable a person of common understanding to know what was intended? There can be no doubt that the defendant was plainly informed by this information of the nature of the crime the commission of which he was charged with. We think the information was in all respects sufficient.

The second assignment raises the question of the sufficiency of the testimony to sustain the judgment. The testimony was conflicting, and, if the testimony of the state's witnesses was believed by the jury, it would warrant the verdict returned. The jury being the judge of the credibility of the testimony, we do not feel justified in this case in interfering with its determination. What is said with reference to this assignment will apply equally to the third assignment of error.

It is contended that the court erred in admitting certain testimony in rebuttal which, it is insisted, was admitted out of its regular order. The testimony was in relation to the defendant's previous acquaintance with

Fagan, who had stolen the property and sold it to the defendant, and also to the manner in which Fagan was dressed at the time of the sale of the property to the defendant; it being contended that this testimony was properly testimony which should have been presented in the opening of plaintiff's case, and that some testimony bearing on that subject had been introduced by the state in its case in chief. But an examination of the record discloses the fact that this testimony was called out by the statement of counsel for defense to the jury, and, in addition to that, the order in which testimony is admitted in the trial of a cause is ordinarily largely in the discretion of the trial court; and, without it appears that injustice was done to one of the parties to a suit by the submission of testimony in this way, the court would be loath to reverse a cause on this ground. In this case it affirmatively appears that the defendant was not prejudiced by the admission of the testimony.

The court among other instructions gave the following:

"One of the essential ingredients of this crime is knowledge, on the part of the buyer or receiver, that the goods have been stolen, and this knowledge must exist at the time of the receipt or purchase of the goods. This, however, need not be such direct knowledge as comes from witnessing a theft. It is sufficient that circumstances were such accompanying the transaction as to make the defendant believe the goods had been stolen."

We are unable to discover any error in this instruction. It seems to be a plain and correct statement of the law governing such cases.

The court further instructed the jury that, "It is your duty to give the proper weight to the testimony of each and every witness who has testified before you," and it is claimed that the court in effect told the jury by this

instruction that the testimony of every witness must have proper weight, and gave no definition of the meaning of proper weight. We think this contention is hypercritical, and that the jury was not in any way misled by the instruction complained of.

It is urged in support of the sixth assignment that the motion for a new trial, among other things, was made upon the ground of misconduct of the jury, and in support of this motion the defendant filed the affidavits of two jurymen showing that, immediately upon the election of the foreman, one of the jurors, whose name is not disclosed by the affidavits, stated that he remembered that the defendant had been brought up several times before on similar charges, that he had forgotten this at the time he was examined upon his voir dire, but remembered it as the case progressed. It does not appear from the affidavits that this remark had any influence upon the verdict of the jury, and it might be a matter of common knowledge, of which each particular juror was possessed, that the defendant had been tried before for a similar crime. But such knowledge would not be sufficient to disqualify a juror from sitting in the trial of a cause under an independent charge of the same character of crime. There was no error of the court in denying the motion for a new trial on this ground. Nor does it appear that the jurors who tried the cause were not proper jurors under the law governing their selection.

The judgment is affirmed.

HADLEY, ANDERS, and MOUNT, JJ., concur.