## STATE vs. JACOBS.

*January 11—April 30, 1918.*

*Criminal law and practice: Receiving stolen goods: Proof of guilty knowledge: Punishment for second offense: "Sentenced to imprisonment."*

1. In a prosecution under sec. 4417, Stats., for knowingly receiving stolen property it was proper to instruct the jury that defendant was guilty if he purchased the property "under such facts and circumstances that he ought to have known" that it was stolen.
2. Sec. 4738, Stats., authorizing severer punishment for a second offense, applies where there had been a former conviction for an offense punishable by fine only; and one who had, as required by sec. 4633, been sentenced to imprisonment until his fine should be paid, had been "sentenced to imprisonment" within the meaning of said sec. 4738.

REPORTED from the municipal court of Milwaukee county: W. J. TURNER, Judge. *One question answered in the negative; the other in the affirmative.*

This is a proceeding under sec. 4721, Stats., to secure from this court answers to two questions certified by the municipal court of Milwaukee county.

The defendant was found guilty by a jury in that court on a charge of knowingly receiving stolen property. The information charges the defendant with the commission of four distinct offenses under sec. 4417, Stats., and also, as a fifth count, under sec. 4738, a prior conviction of an offense on February 1, 1916. The defendant filed a plea in abatement to this information, in which, among other things, he raised the question as to whether or not the facts stated in the fifth count of the information were sufficient to constitute a prior sentence under sec. 4738. The plea in abatement was overruled without prejudice, whereupon the defendant pleaded not guilty to the first four counts of the information and entered a plea of guilty to the fifth count.

The jury found the defendant guilty on the first, third,

and fourth counts of the information, acquitting him on the second count. The defendant then moved for a new trial and in arrest of judgment and requested the trial judge to certify certain questions to this court concerning the sufficiency of the count as to the prior conviction and sentence and of the correctness of the trial court's instructions, to which exception had been taken and filed.

The questions reported are:

(1) Did the court err in its charge to the jury in instructing the jury in connection with its entire charge as follows:

"The law is that if the defendant did purchase the stolen property from Mr. Fuog knowingly, or under such facts and circumstances that he ought to have known it, in other words, that he is charged with notice of it, that then he would be guilty of the offense charged against him."

(2) Did the following count in the information charge facts sufficient to constitute a prior conviction of said defendant under secs. 4736, 4737, and 4738 of the Statutes, namely:

"And I, Winfred C. Zabel, district attorney for Milwaukee county, aforesaid, hereby further inform the court that on the 1st day of February, 1916, in the municipal court of the county of Milwaukee, Wisconsin, the above named defendant, *Harry E. Jacobs,* was convicted of the crime of buying stolen property and upon said conviction was sentenced by said court to pay a fine of one hundred (100) dollars and costs, or in default thereof to be committed to the house of correction of Milwaukee county until said fine and costs be paid; but such imprisonment not to exceed in all a period of six months, which said conviction still remains of record and unreversed."

For the plaintiff there was a brief by the *Attorney General, Winfred C. Zabel,* district attorney of Milwaukee county, and *Arthur H. Bartelt,* assistant district attorney, and oral argument by *Mr. Zabel* and *Mr. Bartelt.*

For the defendant there was a brief by *Thomas E. Leahy* and *Herbert R. Manger* of Milwaukee, and oral argument by *Mr. Manger.*

The following opinion was filed February 5, 1918:

SIEBECKER, J.   It is contended by the defendant respect-
ing the first question certified that the part of the certified
instructions to the jury declaring that the offense is proven
if defendant purchased stolen "property under such facts
and circumstances that he ought to have known it, in other
words, that he was charged with notice of it," is an incorrect
statement of the law applicable to the case.   It is a well
recognized rule that proof of this offense may be made by
circumstantial evidence.      The certified question presents
the inquiry whether proof of "facts and circumstances"
showing the defendant "ought to have known" that the prop-
erty he bought from Mr. Fuog was stolen property consti-
tutes proof of guilty knowledge under sec. 4417, Stats.   The
instruction of the trial court lays down an individual test of
the defendant's guilty knowledge under the facts and cir-
cumstances adduced in evidence.   This rule is approved by
the courts generally as a proper test of the sufficiency of
evidence to show the fact of guilty knowledge in this class
of cases.   The court in *Huggins v. People,* 135 Ill. 243, 25
N. E. 1002, in speaking on the subject states: "It is suffi-
cient if the circumstances were such, accompanying the
transaction, as to make the prisoner believe the goods had
been stolen."   Among the numerous cases sustaining this
rule are: *State v. Feiss,* 74 N. J. Law, 633, 66 Atl. 418;
*People v. Schooley,* 149 N. Y. 99, 43 N. E. 536; *State v.
Druxinman,* 34 Wash. 257, 75 Pac. 814; *Comm. v. Leonard,*
140 Mass. 473, 4 N. E. 96.   The first question must be an-
swered in the negative.

The second question is whether the information charges
facts sufficient respecting the former conviction of defend-
ant, within the provisions of secs. 4736, 4737, and 4738,
Stats., prescribing punishment for offenders previously con-
victed of offenses.

It appears that defendant was formerly convicted of buy-

ing stolen property and was sentenced by the court to "pay a fine of $100 and costs" and that he was sentenced to be committed to the house of correction until the fine and costs were paid, imprisonment, however, not to exceed six months. It is urged that the sentence to pay a fine and costs is not a sentence "to imprisonment" as contemplated in these sections providing increased severity of punishment for subsequent offenses. It has been held that the provisions of these statutes are a part of the criminal law regulating the sentence and judgment when persons are guilty of successive offenses. *Ingalls v. State,* 48 Wis. 647, 4 N. W. 785; *Howard v. State,* 139 Wis. 529, 121 N. W. 133. The former conviction of defendant must come within the provision of sec. 4738, Stats., if any, which provides: "When any person is convicted of any offense punishable *only* by imprisonment in the county jail *or by fine,* or both," and it is alleged and established on the trial "that he had been before sentenced to imprisonment" as therein specified and that such sentence remains of record and unreversed, "such person *may be punished* by imprisonment" as provided in this section. It is claimed that the alleged former sentence of defendant "to pay a fine and costs" and that he be committed to the house of correction in default of payment of the fine and costs until paid, not exceeding six months, is not a "sentence to imprisonment" within the terms of the provision of this section of the statutes. The language of the statute includes convictions of an offense "punishable only . . . by fine." If the statute is construed as defendant urges, then the words "or by fine" have no significance and drop out of the statute. This is not to be done if they can be given a meaning within the apparent intent of the legislative purpose to make them effective. The terms of the section in their plain and obvious meaning include a former conviction of an offense punishable "by fine only" and must be so interpreted unless they are repugnant to other provisions of

the statutes on the subject.    The calls of the provision, that
it must be alleged and established, in order to authorize the
imposition of the severer punishment, "that he [the of-
fender] had before been sentenced to imprisonment," are
complied with by sentencing offenders punishable "by fine
only" under the provisions of sec. 4633, Stats., which re-
quires, "When a fine is imposed *as the whole* or any part of
the punishment for any offense by any law, the court shall
also sentence the defendant to pay the costs . . . and to be
committed to the county jail until the fine and costs are
paid or discharged."    This form of sentence must be im-
posed for all convictions which are punishable "by fine only."
The terms of such punishment constitute a "sentence to im-
prisonment" within the legislative intent and meaning of the
provisions of sec. 4738, Stats.

It is to be observed that the punishments under sec. 4738,
Stats., are left to be imposed by the court in its sound dis-
cretion, and hence the claim that the severer punishment
provided by these statutes was not intended to apply to the
successive conviction for minor offenses punishable "by fine
only" is not persuasive.    The statutes on the subject clearly
manifest a legislative intent that the severer punishment
prescribed for repeated offenses shall apply to conviction for
offenses punishable *only by fine*.    It follows that the count
in the information certified to this court in the second ques-
tion charges facts sufficient to constitute a prior conviction
of the defendant under sec. 4738, Stats., and requires an
affirmative answer.

*By the Court.*—We answer the first question "No."    We
answer the second question "Yes."

A motion for a rehearing was denied, without costs, on
April 30, 1918.

OWEN, J., took no part.