No. 22,488.

THE STATE OF KANSAS, *Appellee*, v. RUSS LEWARK, *Appellant*.

SYLLABUS BY THE COURT.

1. RECEIVING STOLEN PROPERTY—*Sufficient Information.* An information charging the receiving of stolen goods need not state where the original theft occurred.

2. RECEIVING STOLEN AUTOMOBILE—*Admission of Certain Evidence No Ground for Reversal.* In a prosecution for knowingly receiving a stolen automobile, evidence was given that it was discovered in the garage of the defendant by policemen who were there serving a search and seizure warrant issued under the prohibitory law, and that they also found some liquor. It is held that it was proper to show the errand that brought the officers to the premises, and that the admission of the evidence of the finding of the liquor could not be a ground of reversal, because it was not specifically attacked by objection made to its admission or by a motion to strike it out.

3. SAME—In a prosecution for knowingly receiving a stolen automobile, testimony that the appearance of the engine number showed that it had been changed is not objectionable as stating a conclusion, where the witness describes its appearance as fully as reasonably practicable, specifying that file marks were visible and portions of the original figures still legible. Nor is such testimony objectionable as not being the best evidence, for the rule that the omission to produce a writing must be satisfactorily accounted for before secondary evidence of its contents is admissible does not apply in such a case, or at all events it applies no further than the trial court in its discretion may see fit to enforce it.

4. SAME—*Evidence Supports Findings.* The evidence is held to have been sufficient to support findings that the defendant knew the car to be a stolen one, and that he received it in the county charged. It was not necessary to prove that he had absolute knowledge of the theft, or was advised as to from whom or when and where the larceny had taken place—merely that from the circumstances he must have understood that it was stolen, and acted on that understanding.

5. SAME—*No Variance in Allegations and Proof of Ownership.* Under a charge of receiving a stolen car belonging to three individuals, a variance does not result from proof that it was owned by a partnership of which they composed the membership, doing business under the name of the Western Land Company.

Appeal from Montgomery district court; JOSEPH W. HOL-DREN, judge.  Opinion filed January 10, 1920.  Affirmed.

*Thomas E. Wagstaff*, of Independence, for the appellant.

*Richard J. Hopkins*, attorney-general, *Alfred G. Armstrong*, county attorney, and *J. F. Sanford*, assistant county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.:  Russ Lewark was convicted of knowingly receiving a stolen Ford automobile, and appeals.

1.  The section defining the offense (Gen. Stat. 1915, § 3465) covers the receiving of embezzled goods, and refers to the four preceding sections relating to embezzlement.  The suggestion is made that it is intended to reach only cases where the original offense was perpetrated by one acting in a fiduciary capacity.  We do not regard the statute as open to that interpretation.  The information is also criticised because it does not allege where the original theft was committed.  Such an allegation is not necessary.  (34 Cyc. 522.)

2.  Policemen were permitted to testify that they went to the defendant's garage to serve a search and seizure warrant issued under the prohibitory act, and that they there found two bottles of beer and two of wine, besides a number of empty bottles, and also the automobile alleged to have been stolen.  It is objected that the testimony was irrelevant and was especially harmful because of public sentiment against violators of the laws relating to intoxicating liquor.  It was not improper to show how the officers came to visit the defendant's place.  The statements regarding the bottles do not appear to have been specifically attacked—if they had been, doubtless they would have been rejected or stricken out.

3.  The officers were also allowed to testify that the engine number of the car had been changed; that the original figures had been filed off and new ones stamped over them; that parts of the old figures showed; and that one of them could be seen to have been a 3, an 8 or a 5.  This testimony is objected to as embodying a conclusion or opinion, rather than a fact, and as not being the best evidence.  It was permissible for the

witnesses to give their judgment that the appearance of the number showed it to have been tampered with, for it was hardly practicable for them to describe in exact detail all the indications on which their belief was founded. They appear to have done this so far as could reasonably be expected. The rule that the omission to produce a writing must be satisfactorily explained before secondary evidence of its contents is admissible, does not apply in such a case, or at all events it applies no further than the trial court in its discretion may see fit to enforce it. (2 Wigmore on Evidence, §§ 1181, 1182.) The condition of the engine number played so important a part in the trial that an opportunity to inspect it was highly desirable. Its absence, however, was accounted for by testimony that one of the owners of the car had undertaken to drive it from Greensburg to the place of trial (Independence), but had left it at Wichita on account of the mud. There was nothing unreasonable about this story. Moreover, if the jury had been given an opportunity to examine the number, their determination of the question whether it was in the same condition as when the defendant received the car would necessarily have depended upon which witness they believed—upon the credence given to oral testimony.

4. The defendant asserts that there was no evidence that he knew the car had been stolen, or that he received it in Kansas. He gave this version of the transaction: He purchased the car at two o'clock in the afternoon, just over the state line in South Coffeyville, Okla., of a stranger, who, however, was vouched for by an acquaintance. He looked at the engine number, and it bore no evidence of having been tampered with so far as he could see. He paid $300 in currency for the car. He had an account in a Coffeyville bank, but not knowing how it stood at the time, he drove to the bank alone and drew out the money, bringing it back and turning it over to the seller, who drove the car to the defendant's home in Coffeyville, Kan., the defendant accompanying him. He had been in the taxi and baggage business about six years, and at the time had five automobiles. He had had quite a little trouble with other stolen cars—one or two having been taken from him, so he looked at the engine numbers carefully. According

The State v. Lewark.

to the state's witnesses the alteration in the engine number showed plainly—the file marks were visible, and if a person would examine real closely he would find two or three little imprints of the old figures. The defendant told the officers that he had got the car in Coffeyville after night from a friend whose name he had forgotten.

We regard the evidence of the defendant's contradictory statements, and of the condition of the engine number, in connection with his own story of the deal, and in view of his experience in automobile trading, as fairly warranting an inference that he knew he was acquiring a stolen machine. It was not necessary to a rightful conviction that the defendant should have been advised of the past history of the car—from whom and when and where the larceny had taken place (Clark & Marshall, Law of Crimes, 2d ed., p. 568), or that he should have had absolute knowledge of the theft. The test in the latter regard has been variously stated. It has been said that a belief is sufficient (24 A. & E. Encycl. of L. 47) or even (although this may be regarded as an extreme expression) a reasonable suspicion (34 Cyc. 516). "He is required to use the circumspection usual with persons taking goods by private purchase." (2 Wharton's Criminal Law, 11th ed., § 1230.) Proof that the defendant received the property under such circumstances as would satisfy a man of ordinary intelligence and prudence that it had been stolen is held to justify a finding of guilty knowledge. (17 R. C. L. 86, 87.) We think the kind of knowledge referred to in the statute is sufficiently shown if from the facts known to the receiver he must have understood that he was acquiring stolen property, and acted upon that understanding.

The defendant's own testimony indicated that the actual delivery of the car was made to him on the Kansas side of the line, and his insistence on the deal having been made in Oklahoma was open to some suspicion. The statement attributed to him, that he had got the car in Coffeyville, could reasonably be taken to refer to the Kansas town rather than to that in Oklahoma, which was spoken of as South Coffeyville. The evidence justified submitting to the jury the question whether the offense was committed in this state.

5. The contention is made that a variance resulted from

proof that the car belonged to the Western Land Company, under an allegation that it was owned by three individuals. It was shown that the Western Land Company was a partnership composed of the persons named, so there was no inconsistency.

The judgment is affirmed.