MEATH, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 12—April 5, 1921.*

*Receiving stolen goods: Necessity of guilty knowledge: Proof by circumstantial evidence: Instructions: Prejudicial error.*

1. In a prosecution under sec. 4417, Stats., for buying, receiving, concealing, or aiding in the concealment of stolen property knowing the same to be stolen, it is essential to a conviction that the jury shall find beyond a reasonable doubt that the receiver knew or had a guilty belief that the property was stolen. It is not sufficient that the evidence convinces the jury beyond a reasonable doubt that defendant ought to have known that the property was stolen, but it must go further and satisfy them that he knew or believed the property was stolen.

2. In a prosecution for such offense, guilty knowledge or its equivalent, guilty belief, may be proven by circumstantial evidence.

3. An instruction which warranted the jury in finding a verdict of guilty if they believed the facts and circumstances were such that the defendant, in the exercise of ordinary diligence, ought to have known an automobile was stolen, is erroneous (*State v. Jacobs,* 167 Wis. 299, explained); and in this case, where the evidence is largely dependent upon the testimony of the thief, it was prejudicial.

ERROR to review a judgment of the circuit court for St. Croix county: GEORGE THOMPSON, Circuit Judge. *Reversed.*

August 3, 1920, one Vern Reynolds stole a Buick automobile at Menomonie, Dunn county, Wisconsin. He drove the car to Glenwood city where he took with him one Higgins. The two drove the car toward New Richmond on the highway passing along the defendant's home a short distance outside New Richmond. The defendant *Meath* was not at home at the time, and the two drove the car further and met defendant, who was driving his own automobile, and the two cars then went to *Meath's* home and stopped on the highway in front of his premises. Some conversation was then had between the three. Reynolds and Higgins then borrowed defendant's car to drive to Glenwood for the ostensible purpose of getting other tires to place upon the stolen automobile, purposing to return the same afternoon to defendant's place. After Reynolds and Higgins left, the defendant drove the car from the highway onto his own premises into his garage and closed the doors.

Reynolds and Higgins were met by the sheriff and deputy sheriff of Dunn county and the owner of the stolen automobile. Later in the afternoon Reynolds accompanied the sheriff, his deputy, and the owner of the car for the alleged purpose of finding the stolen car. They came to *Meath's* premises and made inquiry of him as to a Buick car. He at first denied having seen any and then stated that there was such a car in his garage and that his car had been stolen. The garage was then opened and the car identified by the owner, and at about this time Reynolds admitted that he had stolen the car. He pleaded guilty and was thereupon sentenced for such theft shortly before the trial of this case. Defendant was tried under sec. 4417, Stats., for having received, concealed, and aided in the concealment of the stolen automobile. In charging the jury the court said as follows:

"This last element [viz. guilty knowledge] does not nec-

essarily call upon you to determine whether or not the defendant knew that Vern Reynolds had stolen the car, but it calls upon you to determine from all the facts and circumstances shown by the evidence whether or not the defendant at the time in question knew or ought to have known that the automobile was stolen property. In other words, if the defendant, with intent to defraud the owner, received, concealed, or aided in the concealment of said property, then the question is this: Did the defendant, at the time he so received, concealed, or aided in the concealment of said property, know that it was stolen property, or did he so receive, conceal, or aid in the concealment of said car under such facts and circumstances that he ought to have known that it was stolen. To satisfy this element of guilty knowledge it is not necessary for the state to prove that the defendant actually knew that Vern Reynolds had stolen the car, but it is sufficient, so far as this element is concerned, if the state has convinced you and each of you from the evidence beyond a reasonable doubt that the defendant, with intent to defraud the owner, received, concealed, or. aided in the concealment of said automobile under such facts and circumstances that he ought to have known that it was stolen."

Defendant was found guilty and sentenced, and to review the judgment he sued out this writ of error.

*Spencer Haven* of Hudson, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *W. T. Doar* of New Richmond, special district attorney, and oral argument by *Mr. Doar* and *Mr. Messerschmidt.*

ESCHWEILER, J. The defendant in error was prosecuted and convicted for a violation of the following statute:

"Section 4417. Any person who shall buy, receive, conceal or aid in the concealment of stolen money, goods or property, *knowing the same to have been stolen,* shall receive the same punishment as is hereinbefore provided for the stealing of such money, goods or property; and in any prosecution for such offense it shall not be necessary to aver or prove that the person who stole the same has been convicted."

By the express language of this statute an essential element of the offense is that the defendant shall, at the time of his receiving or dealing with the stolen property, know that such property has been stolen. It is as essential that the jury shall, beyond a reasonable doubt, find that he had such knowledge at the time of his transaction with the property as they must that the property was theretofore stolen. Such guilty knowledge, or its equivalent, guilty belief, may be proven by circumstantial evidence, but it is not sufficient that such circumstantial evidence convinces the jury beyond a reasonable doubt that the defendant ought to have known that the property was stolen; it must go a substantial step further and satisfy them that he did know or believe.

The portion of the charge quoted above and of which the defendant in error has complained would warrant a jury in returning a verdict of guilty if they believed that the facts and circumstances of this particular case were such that the defendant in the exercise of ordinary diligence ought to have known that the automobile left with him by Reynolds and Higgins had been stolen.

That guilty knowledge, or its equivalent, guilty belief, is of the gist of this offense has been declared by many decisions, among others the following: *People v. Tantenella* (Mich.) 180 N. W. 474; *People v. Lintz,* 203 Mich. 683, 169 N. W. 918; *People v. Grove,* 284 Ill. 429, 120 N. E. 277; *Weinberg v. People,* 208 Ill. 15, 19, 69 N. E. 936; *State v. Rountree,* 80 S. C. 387, 61 S. E. 1072, 22 L. R. A. N. S. 833, with note; 17 Ruling Case Law, 85.

It is argued in support of the charge given by the court that it is warranted by what was said in the case of *State v. Jacobs,* 167 Wis. 299, 301, 166 N. W. 324. In that case, involving a prosecution under the same statute as here, but a portion of the entire charge was printed in the statement of facts. The effect of the entire charge was to convey to the jury the understanding that there must be a finding by

them of guilty knowledge, but that such guilty knowledge might be found from circumstantial evidence. This appears from the language in that decision (p. 301) in approving of the instruction giving the test of the defendant's guilty knowledge under the facts and circumstances adduced in evidence. Such an instruction as is presented in this case and now passed upon was not before the court in the *Jacobs Case,* and that case therefore is not in point here. If the language in the *Jacobs Case, supra,* could be construed to warrant the giving of such an instruction as here before us, which would warrant a conviction if the jury are merely satisfied that the defendant ought to have known that the property was stolen, then such language must be deemed now modified.

It is urged that in any event such an error in the charge is not, under sec. 3072*m*, Stats., sufficient to warrant a reversal of the conviction and a new trial. The evidence in this case is of such a nature and dependent so largely upon the testimony of the thief that we do not feel justified in saying that; with such a substantial error in the charge to the jury, prejudice did not result to the defendant. His substantial rights were affected, and for that reason there must be a new trial.

Several assignments of error have been urged with reference to the admission of certain evidence concerning the meaning of an expression claimed to have been used by Reynolds at the time the automobile was brought to defendant's premises and also as to a telephone communication alleged to have been had later in the afternoon of the same day between Higgins and defendant. We find no error in the admission of this evidence.

Affidavits were presented on the motion for a new trial as to certain statements alleged to have been made by Reynolds and not known to defendant or his counsel until after the trial. An examination of the same, however, satisfies

us that none of them were of sufficient materiality to warrant overruling the trial court's decision in that regard.

*By the Court.*—Judgment reversed.