# CHARLESTON.

STATE *v.* HOMER KAPP

(No. 6725)

Submitted October 7, 1930. Decided October 14, 1930.

*Orville Hackney, Hillis Townsend* and *M. F. Matheny*, for plaintiff in error.

*Howard B. Lee*, Attorney General and *R. A. Blessing*, Assistant Attorney General, for the State.

WOODS, JUDGE:

Homer Kapp, who was convicted of the larceny of a pocketbook containing $35.00 in bills and several notes, and sentenced to confinement in the penitentiary for a term of two years, brings error.

M. D. Piercy and the defendant, as partners, were operating the Commercial Hotel in the city of Charleston. The former came to the hotel at six o'clock on the evening of the alleged larceny, and at seven o'clock he, together with defendant and the latter's wife, went into the dining room. He states that at that time there was no one in the lobby, and that defendant did not eat, but returned to the lobby. Two hours later Piercy returned to the lobby, and upon taking his coat from the rack, where he had previously placed it, discovered that his pocketbook was missing. He accused no one at the time of having taken it. Jones, the other witness for the state, testified that while passing the hotel about seven-thirty o'clock that evening, he saw Kapp, who, at that time was the only person in the room, reach up and take something from a coat; that there seemed to be more than one coat on the rack; that the object removed was long, but he could not say that it was a pocketbook; and that defendant then went through the hall, like he started up the steps. There is some testimony to the effect that there were others lounging in the lobby during Piercy's absence therefrom, and that none of them saw Kapp remove a pocket-book from Piercy's coat.

Is the verdict sustained by the evidence? Was the jury warranted in finding beyond all reasonable doubt that defendant took the prosecuting witness' pocket-book? While opportunity to commit the larceny is a potent circumstance to be considered with other incriminating facts, mere proof of it is not sufficient to establish accused's guilt, 36 C. J. 917. And especially is this true where the opportunity does

not appear to have been exclusive, as here. The lobby was necessarily open to the public. The prosecuting witness does not attempt to say how long defendant remained in the dining room before leaving; nor does he state that the pocket-book was in his coat when he left the lobby. The only evidence that he had his pocket-book with him at the hotel that night is an affirmative answer to a question of the state as to whether or not he "lost anything of value there." No mention is made of the type of pocket-book, or whether it was in the inside of an outside pocket. Was it open to view to the public? Again, no one saw anything taken from Piercy's coat; no one saw Kapp take a pocket-book from any coat. The only testimony tending to connect him with the larceny is that Jones, a passerby, saw him remove something long from a coat. Was the article alleged to have been lost, long? If so, the state should have developed that fact. Failure so to do, under the circumstances of this case, raises an inference that it would not come within Jones' description of what was removed. The testimony of the prosecuting witness as to whether he went immediately to his room on Virginia Street after discovery of his loss is at best very contradictory and indefinite. Why did he go there? Was it for the purpose of verifying whether or not he had left his pocket-book there some three hours before? These are questions which very naturally arise, in view of the fact that no outcry was made until after his return to the hotel. Jones' evidence on the prosecuting witness' actions upon his return to the lobby and discovery of his loss is also not clear. On the whole the evidence of the state, as we see it, is very unsatisfactory.

We have held time and again that where a criminal case rests on circumstantial evidence alone, such evidence will not support a conviction, if it be as consistent with the innocence of the defendant as with his guilt. *State* v. *Snidler,* 106 W. Va. 309; *State* v. *Kelly,* 105 W. Va. 124; *State* v. *Johnson,* 104 W. Va. 586; *State* v. *Hunter,* 103 W. Va. 377; *State* v. *Counts,* 90 W. Va. 338. And as we read the record, the evidence does not eliminate every other reasonable hypothesis than that of defendant's guilt.

We therefore reverse the judgment, set aside the verdict, and award the defendant a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*