STATE OF WEST VIRGINIA *v.* CARSON LEWIS
(No. 8385)

Submitted May 5, 1936. Decided June 20, 1936.

HATCHER, PRESIDENT, and MAXWELL, JUDGE, dissenting.

*Salisbury, Hackney & Lopinsky,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the state.

KENNA, JUDGE:

Carson Lewis was indicted in the Intermediate Court of Kanawha County for receiving stolen goods, the indictment alleging that on the __ day of August, 1935, in that county, he received four shotguns and two watches "well knowing the said goods and chattels to have been unlawfully and feloniously stolen." To a judgment of the Circuit Court declining to review the judgment of the Intermediate Court based upon a verdict of guilty, he prosecutes this writ of error.

The principal assignment of error is based upon the language just quoted from the indictment, and the fact that the court instructed the jury that if they believed beyond a reasonable doubt that the shotguns and watches described in the evidence were stolen property and that they came into the possession of the defendant under such

circumstances as that the defendant knew or *had cause to believe* they were stolen property, then the jury should find the defendant guilty. It will be noted that the charge in the indictment was for receiving the goods and chattels *knowing* them to have been stolen, whereas, the instruction is that a verdict of guilty may be returned if the jury believed beyond a reasonable doubt that the defendant *had cause to believe* the property to be stolen.

The reason for the confusion between the indictment and the instruction given by the court doubtless is that, whereas, under section 18 of chapter 145 of the Code of 1923, the offense of receiving stolen goods was committed only when the goods were known to be stolen, under section 18 of article 3 of chapter 61 of the Code of 1931, the statute was expanded to include cases where stolen goods were received if the recipient had reason to believe they had been stolen. It cannot be doubted that the amendment effected by the Code of 1931 is a substantial change in the definition and nature of this offense. The indictment followed the old statute: the instruction of the court followed the new. The indictment is sufficient under either the old or new section, but that fact does not dispose of the question before us.

Under the old section, there is but one way that the offense may be committed, and that is receiving goods knowing them to have been stolen. Under the new section, there are two ways that the offense may be committed, first, by receiving goods knowing them to have been stolen, and second, receiving goods with reason to believe that they were stolen. The indictment before us was restricted to the one offense: the instructions of the court included both. This statute is to be strictly construed. *State* v. *Smith*, 98 W. Va. 185, 126 S. E. 703. We are of the opinion that, since the accused could not be convicted upon a state of facts not charged in the indictment it was reversible error for the trial court to instruct the jury that he could be. An irregularity in this instruction is the fact that it uses the words "knew, or

had *cause* to believe," whereas, under the statute, the words are "reason to believe." There is no assignment of error for this reason, but we do not wish to be understood as now approving a form of instruction that makes this departure from the language of the statute.

We are of the opinion that the assignment of error based upon the insufficiency of the description contained in the indictment of the articles alleged to have been stolen is without merit. They were described as four shotguns and two watches, and the ownership and value of each class of goods was alleged. In *State* v. *Bailey*, 63 W. Va. 668, 60 S. E. 785, the rule is laid down that in a larceny indictment it is not necessary to describe the goods stolen by reference to any mark or identification by which they can be distinguished from other goods of the same or similar kind. In *State* v. *Blair*, 63 W. Va. 635, 60 S. E. 795, an indictment was approved which described the goods stolen as "one man's saddle," and "one horse." The discussion appearing in the opinion of this case at page 636 points out a number of descriptions that have been approved by the courts, among them "one watch," "a certain mare," "six towels," etc. We think the description contained in this indictment is sufficient to satisfy the rule thus indicated.

The plaintiff in error contends that it was reversible error for the trial court to permit the prosecuting attorney to question the witness Schuck, a police officer, concerning a written statement made by the witness Cantrell, in which the latter confessed guilt in the theft of the goods and implicated the defendant as having received them. For this position, reliance is placed upon the case of *State* v. *Price*, 114 W. Va. 736, 174 S. E. 518, holding that the declarations of one conspirator made after the conspiracy is at an end are not admissible in evidence as against his co-conspirator. The rule enunciated in the *Price* case we think is not applicable here. The purpose of the proof and the circumstances of its introduction are entirely different in the two cases. In the *Price* case, the declarations of the conspirator were used as direct evidence of the guilt of a co-conspirator.

Here, on cross examination of the witness Cantrell, counsel for the defendant first developed the fact that Cantrell had made a written statement implicating Lewis. This, apparently, was done in an effort to show, or to infer, that Cantrell had turned state's evidence and caused the arrest of Lewis in an effort to procure some form of concession for himself, and thus, to a degree, to discredit his testimony. When the prosecuting attorney examined Schuck, he made no reference to the contents of the statement save to the fact that it implicated Lewis. This fact had already been developed by the defense. The purpose of questioning the witness Schuck about the statement of Cantrell was merely to clarify the record as to the time that it was made and the circumstances under which it was made. The reference to the implication of Lewis was necessary in order, from the state's viewpoint, to clear up a possibly erroneous impression created by the questions of counsel for the defendant propounded to the witness Cantrell. Under the circumstances, we do not believe that this situation falls within the rule of the *Price* case, nor do we believe that it falls within any other rule making it reversible error.

Being of the opinion that the state's instruction No. 1 was reversible error, the judgments of the Circuit Court of Kanawha County and of the Intermediate Court of Kanawha County will be reversed, the verdict of the jury set aside and a new trial awarded.

*Reversed and remanded.*

MAXWELL, JUDGE, dissenting:

Being of opinion that the court has drawn too fine a line, I respectfully dissent.

When a man has reason to believe that goods were stolen, his mental complexes pertaining thereto are substantially the same as though he knows that they were stolen.

Belief is a variable mental quality. Its degrees are graduated from slight suspicion to complete assurance. But mere surmise or faint belief is not within the pur-

view of the statute, because, for guilt to attach to a receiver of stolen goods, the requirement is that he must have knowledge or *"reason to believe"* that they were stolen. Code, 61-3-18. A belief founded in reason (the statutory requirement). is a contemplated assurance— an intellectual assent. Such belief blends into a conclusion. In such mental equation, the belief, the assurance and the conclusion are all grounded on information.

"Is there a solid distinction between human knowledge and belief? Practically and metaphysically the difference is only in degree of conviction, on the evidence of the fact. Belief is the conclusion of the mind as to the existence of a fact. It may be weak or strong belief. If strong, decided conviction, we may call it knowledge, and yet it is only belief." *State* v. *Berkeley,* 41 W. Va. 455, 461, 23 S. E. 608, 610.

Where one is possessed of information which prompts reasonable belief, his mental reactions cannot possibly be practically different from what they would be if he had actual knowledge of the subject involved. He is equally responsible for his conduct whether he had such *knowledge* or such *belief.* Things which are equal to the same thing are equal to each other. Wherein, therefore, can the employment of both of said terms in an instruction possibly bring prejudice to the accused, though only one of the terms was used in the indictment? I entertain the opinion that there was no prejudice. For these reasons I would uphold the conviction.

Judge Hatcher authorizes me to state that he concurs in this note.

HATCHER, PRESIDENT, dissenting:

I can add nothing to the logic of Judge Maxwell, and would merely support it by a seemingly unbroken line of authority. "In all cases, knowledge at the time the goods are received that they have been stolen is absolutely essential; *but knowledge may always be inferred from the circumstances, and is sufficiently shown if the circumstances proven are such as must have made the recipient*

*believe they were stolen."* Clark's Cr. Law (3d Ed.), Sec. 109, pp. 381-2. "It was not necessary for the state to prove that the defendant had personal knowledge of the larceny in the sense that he was present as a witness thereof. It was sufficient if the facts and circumstances known to him were sufficient to satisfy him or cause him to believe the goods were stolen. In such cases belief is tantamount to knowledge within the meaning of the statute, and *such is the uniform holding of the courts."* State v. *Van Treese,* 198 Iowa, 984, 200 N. W. 570, 571. Accord: Bishop on Cr. Law (9th Ed.) sec. 1138; Wharton's Cr. Law (12th Ed.) secs. 1231-1232; 2 Brill Cyc. Cr. Law, sec. 930; Desty Am. Cr. Law, sec. 147-d; *State* v. *Goldstrohm,* 84 W. Va. 129, 134, 99 S. E. 248; *Collins* v. *State,* 33 Ala. 434, 73 Am. Dec. 426; *Meath* v. *State,* 174 Wis. 80, 182 N. W. 334; *Ellison* v. *Com.,* 190 Ky. 305, 227 S. W. 458; *State* v. *Druxinman,* 34 Wash. 257, 75 P. 814; *State* v. *Gargare,* 88 N. J. Law, 389, 95 A. 625; *State* v. *Frankel,* 1 W. W. Harr. (31 Del.) 372, 114 A. 608; *Bowers* v. *State,* 196 Ind. 4, 146 N. E. 818; *State* v. *Alpert,* 88 Vt. 191, 92 A. 32, 33; *Webb* v. *State,* 19 Okla. Cr. 450, 200 P. 719; *People* v. *Kohn,* 290 Ill. 410, 125 N. E. 293; *Henze* v. *State,* 154 Md. 332, 140 A. 218; *Birdsong* v. *State,* 120 Ga. 850, 48 S. E. 329; *Com.* v. *Leonard,* 140 Mass. 473, 4 N. E. 96, 54 Am. Rep. 485; *People* v. *Mullis,* 200 Mich. 505, 166 N. W. 859; *State* v. *Gordon,* 105 Minn. 217, 117 N. W. 483, 15 Ann. Cas. 897; *Frank* v. *State,* 67 Miss. 125, 6 So. 842; *State* v. *Richmond,* 186 Mo. 71, 84 S. W. 880, 884; *State* v. *Rountree,* 80 S. C. 387, 61 S. E. 1072, 22 L. R. A. (N. S.) 833; *State* v. *Lewark,* 106 Kan. 184, 186 P. 1002; *Murio* v. *State,* 31 Tex. Cr. R. 210, 20 S. W. 356.

KENNA, JUDGE, concurring:

The two dissenting opinions filed herein, particularly that filed by Judge Hatcher which relies upon a number of authorities as sustaining its conclusion, make it desirable that there should be some further elucidation of the position taken by the majority of the court, as I understand that position.

Under the old statute, referred to in the majority opinion, it was made an offense to receive stolen goods knowing them to have been stolen. There is no dispute but that under statutes of this sort, the overwhelming weight of authority is to the effect that belief is tantamount to knowledge. There is nothing contained in the majority opinion that controverts this proposition. It is not now open to doubt, nor do I think it necessary to discuss the reason behind it. Neither is it open to doubt that the knowledge, which is made an element of the offense, may be proven by circumstantial evidence, and the practical reason that underlies that position is perfectly apparent. The court, I think, is not divided upon either of these propositions.

At a later time, however, the legislature saw fit to enlarge the substantive offense by providing that the offense should consist in receiving stolen goods knowing them to have been stolen or with reason to believe that they were stolen. This court cannot overlook the fact that the legislative change in the definition of this substantive offense was intended to have some practical effect. That practical effect seems to me to be obvious. Whereas, under the old statute, the actual knowledge could be proven by circumstantial evidence, the new statute goes a step further. Under it, the conviction may be had upon circumstantial proof of actual knowledge, and, furthermore, a conviction may be had upon circumstantial proof of reason to believe that the goods were stolen when received. In other words, in enlarging the scope of the substantive offense, the legislature has also enlarged the scope of the circumstantial proof required for a conviction. To illustrate: in this case, under the instruction of the court, the jury could have convicted either upon circumstantial proof of actual knowledge or upon circumstantial proof that the accused had reason to believe that the goods were stolen. Under the indictment, he could only have been convicted upon circumstantial proof of actual knowledge.

This distinction is not new. It has been drawn in several decided cases, and I deferentially suggest that an ex-

amination of some of the very cases used in the dissenting opinion illustrate its soundness. I quote at length from the case of *Meath* v. *State,* 174 Wis. 80, 182 N. W. 334, cited by Judge Hatcher:

"By the express language of this statute, an essential element of the offense is that the defendant shall, at the time of his receiving or dealing with the stolen property, know that such property has been stolen. It is as essential that the jury shall, beyond a reasonable doubt, find that he had such knowledge at the time of his transaction with the property as they must that the property was theretofore stolen. Such guilty knowledge, or its equivalent, guilty belief, may be proven by circumstantial evidence; but it is not sufficient that such circumstantial evidence convinces the jury beyond a reasonable doubt that the defendant ought to have known that the property was stolen; it must go a substantial step further and satisfy them that he did know or believe.

"The portion of the charge as quoted above, and of which the defendant in error has complained, would warrant a jury in returning a verdict of guilty, if they believed that the facts and circumstances of this particular case were such that the defendant in the exercise of ordinary diligence ought to have known that the automobile left with him by Reynolds and Higgins had been stolen.

"That guilty knowledge, or its equivalent, guilty belief, is of the gist of this offense, has been declared by many decisions, among others the following: *People* v. *Tantenella,* 212 Mich. 614, 180 N. W. 474; *People* v. *Lintz,* 203 Mich. 683, 169 N. W. 918; *People* v. *Grove,* 284 Ill. 429, 120 N. E. 277; *Weinberg* v. *People,* 208 Ill. 15, 19, 69 N. E. 936; *State* v. *Rountree,* 80

S. C. 387, 61 S. E. 1072, 22 L. R. A. (N. S.) 833, with note; 17 R. C. L. p. 85.

"It is argued in support of the charge given by the court that it is warranted by what was said in the case of *State* v. *Jacobs,* 167 Wis. 299, 301, 166 N. W. 324. In that case involving a prosecution under the same statute here, but a portion of the entire charge was printed in the statement of facts. The effect of the entire charge was to convey to the jury the understanding that there must be a finding by them of guilty knowledge, but that such guilty knowledge might be found from circumstantial evidence. This appears from the language in that decision (167 Wis. 301, 166 N. W. 324) in approving of the instruction giving the test of the defendant's guilty knowledge under the facts and circumstances adduced in evidence. Such an instruction as is presented in this case and now passed upon was not before the court in the Jacobs Case, and that case therefore is not in in point here. If the language in the Jacobs Case, supra, could be construed to warrant the giving of such an instruction as here before us which would warrant a conviction if the jury are merely satisfied that the defendant ought to have known that the property was stolen, then such language must be deemed now modified."

This distinction is developed also, I think, in the case of *Ellison* v. *Commonwealth,* 190 Ky. 305, 227 S. W. 458, also cited by Judge Hatcher, which, after discussing the rule that actual knowledge may be proven by circumstantial evidence in a prosecution for receiving stolen goods, uses the following language, citing *Robinson* v. *State,* 84 Ind. 452; *State* v. *Denny,* 17 N. D. 519, 117 N. W. 869, as sustaining it:

"This is true, although the equitable rule, which provides that one shall be deemed to have

> knowledge of a fact when circumstances are brought to his knowledge which would cause a man of ordinary prudence to be upon his guard, and which circumstances, pursued with diligence, would result in the knowledge of the fact does not apply to the guilty knowledge required of one who is accused of knowingly receiving stolen property, as the application of such a rule might render one criminally liable for want of ordinary prudence or for negligence."

See also Bishop on Criminal Law (9th Ed.), p. 843-4, cited by Judge Hatcher. To my mind, the distinction runs generally through all of the authorities cited in the dissenting opinions.

For the reasons stated in the majority opinion and more fully set forth in this addition of my own, I am fully convinced that the distinction is real and substantial, and that in order to give any effect at all to the change in the statute made by our legislature, which, of course, we cannot regard as purposeless, it is necessary for this court to adhere to it.