STATE OF WEST VIRGINIA *v.* GROVER MOUNTS

(No. 8770)

Submitted October 25, 1938. Decided November 29, 1938.

*Thomas West* and *John G. Hudson*, for plaintiff in error.

*Clarence W. Meadows*, Attorney General, and *Kenneth E. Hines*, Assistant Attorney General, for the State.

RILEY, JUDGE:

An indictment, returned in the common pleas court of Cabell County, against Grover Mounts, charged him, in the first count, with unlawfully and feloniously buying and receiving a certain lot of cigarettes, valued at $40.00, of the goods and chattels of one Hatfield Brubeck, etc., "well knowing and having reason to believe the said goods and chattels to have been unlawfully stolen, taken and carried away"; and, in the second, with the larceny thereof. To a judgment of the circuit court declining a review of the judgment of the common pleas court based upon a jury verdict finding him guilty of petit larceny, Mounts prosecutes error to this Court.

It appears that the "Varsity", a tea room in the City of Huntington, was burglarized, during the early morning, February 20, 1937, and, according to Hatfield Brubeck, its proprietor, approximately $10.00 in money, and twenty to twenty-two cartons of cigarettes, of different brands, valued at $1.50 per carton, retail, taken.

Haig Terry, who, a few hours prior to being called as a witness against defendant, had been sentenced on a plea of guilty to a charge of breaking and entering Brubeck's place, on the date aforesaid, testified, in effect, that he broke into the "Varsity" about two o'clock A. M., and took therefrom about $10.00 in money, and six cartons (five unopened) and five flat fifty packets of cigarettes; that about ten o'clock A. M., on the same day, he, in company with one Cramer Burks, carried the stolen cigarettes in a basket to an apartment building, 414 Eighteenth Street, and asked for Mr. Mounts, to whom he sold the lot (less two of the flat fifty packets) for $5.15, at the rate of seventy-five cents per carton; that prior to the purchase Mounts asked where witness got the cigarettes,

to which the latter replied that he had purchased them on credit, and wanted to convert them into money; that a month prior witness had sold defendant four cartons for $2.50; and that shortly after the alleged disposition of the Brubeck cigarettes, he had sold defendant a ring for $1.50, and put up a pen and pencil set on a loan of fifty cents. This witness further stated that an indictment had been returned against him at the October 1936 term, and a number more at the June 1937 term, of the common pleas court of Cabell County, charging him with breaking and entering; and that he had never been in trouble until shortly before the first mentioned indictment. In answer to a general question, "Do you recall seeing anything in the newspapers about you and your breaking-and-enterings?" Terry answered, "Yes, sir." The foregoing testimony, in so far as it relates to the alleged sale of the Brubeck cigarettes, is supported by Burks, who stated, however, that he (Burks) had no knowledge, at the time of the sale, where the cigarettes came from.

Following Terry's arrest, which occurred within a week or two after the burglary, Whitten and Newman, city detectives, armed with a search warrant, made a search of the premises at 414 Eighteenth Street, but found no cigarettes. They testified that they found a pen and pencil set, and that defendant admitted having purchased the same from Terry. And Whitten testified that defendant later admitted to him the purchase of something like five dollars worth of cigarettes from Terry.

Defendant denied any knowledge of the pen and pencil set, although he stated that he gave Terry $1.50 for the ring, heretofore mentioned, after taking it to a jeweler who offered to pay a dollar for it. He denied having purchased cigarettes in the quantities and under the circumstances detailed by witnesses for the state, and that he ever lived at 414 Eighteenth Street. He also denied the alleged admissions attributed to him by the officers. He testified, however, that on one occasion in February, 1937, he purchased two cartons of damaged cigarettes

from Terry for $1.85, this purchase being made while he (defendant) was temporarily engaged at 414 Eighteenth Street in cleaning out mud deposits left by the flood; that Terry informed him that a groceryman had given him the cigarettes for cleaning out a storeroom, and that he (Terry) wanted to turn them into money. Defendant further testified that he did not know that any of the articles purchased or pawned had been stolen. He is supported by other witnesses regarding the purchase of the two damaged cartons, and that he lived in another part of the city.

According to the evidence, Mounts had known Terry's father for fifteen years; had worked under him at a rail mill. He states he saw Haig Terry during the flood, at the time he (Mounts) assisted in establishing a landing at Mrs. Terry's property.

The principal contention advanced in this Court for a reversal is that the evidence is not sufficient to support a verdict of guilty.

"If any person buy or receive from another person * * * any stolen goods or other thing of value, which he knows or has reason to believe has been stolen, he shall be deemed guilty of the larceny thereof, and may be prosecuted, although the principal offender be not convicted." Code 1931, 61-3-18.

To sustain a conviction under the foregoing statute, the state not only must show that the defendant bought the property described, and that the property received was stolen, but also that the defendant, at the time of the purchase or receipt thereof, (1) knew, or (2) had reason to believe, the same to have been stolen. *State* v. *Lewis*, 117 W. Va. 670, 187 S. E. 315, 728, 188 S. E. 473; *Farzley* v. *State*, 26 Ala. App. 387, 163 So. 393, cert. denied 231 Ala. 60, 163 So. 394; *Lindsey* v. *State*, 23 Ala. App. 411, 128 So. 209, cert. denied 221 Ala. 175, 128 So. 210; 17 R. C. L. 87, sec. 93.

The element of knowledge, or reason to believe, that the property bought or received was stolen cannot rest on mere supposition. 17 R. C. L. 85, sec. 92; 53 C. J.

535, sec. 92. The evidence must show beyond a reasonable doubt that accused, when he received the goods, either knew, or had reason to believe, they had been stolen. *State* v. *Wallace,* 118 W. Va. 127, 189 S. E. 104; *State* v. *Goldstrohm,* 84 W. Va. 129, 99 S. E. 248; *State* v. *Lewis, supra.* The foregoing, however, may be established by circumstantial, as well as by direct, evidence. 17 R. C. L. 85, sec. 92; 53 C. J. 536. There is no evidence in the record to the effect that defendant had any knowledge, actual or constructive, of the trouble that Terry had been in a few months immediately preceding the alleged purchase of the Brubeck cigarettes. The reference to newspaper publicity, in Terry's testimony, does not show that any of it antedated Mounts' alleged purchase. So the testimony of Mounts denying knowledge of any violations by Terry stands uncontradicted.

The only circumstance in the record, as we read it, which would in any way tend to put defendant on his guard was the offering of the goods at half their retail value. "Although inadequacy of amount paid is a circumstance to be considered on the issue of guilty knowledge, it of itself is not necessarily controlling." *State* v. *Wallace, supra,* p. 131. "Guilty knowledge cannot be inferred merely from the inadequacy of the price paid by accused for the property." 53 C. J. 537, sec. 94. The foregoing applies with like force to the element "having reason to believe" the goods to have been stolen. *State* v. *Lewis, supra; Frazley* v. *State, supra.* Defendant's long acquaintance and association with Terry's father, and his very limited acquaintance with the son, would naturally, in the absence of actual knowledge of the latter's breaking and enterings, cause him to put reliance in Haig Terry's representations.

We are of opinion, therefore, that the circumstances, when considered together, do not point to the fact clearly and conclusively, beyond a reasonable doubt, that defendant knew, or that he had reason to believe, the cigarettes to have been stolen at the time he received them. 53 C. J. 536, sec. 92. Where circumstantial evidence is

666

relied on, the accused is entitled to an acquittal unless the fact of guilt is proven to the actual exclusion of every reasonable hypothesis of innocence. *State* v. *Hunter,* 103 W. Va. 377, 137 S. E. 534; *State* v. *Kapp,* 109 W. Va. 487, 155 S. E. 537; *State* v. *Johnson,* 104 W. Va. 586, 140 S. E. 532. A mere suspicion that the goods were stolen is not enough. A reasonable doubt of defendant's guilt clearly appears, calling for a reversal of the judgment.

The judgments of the circuit and common pleas courts of Cabell County are therefore reversed, the verdict of the jury set aside, and the case remanded for a new trial.

> *Judgments reversed; verdict set aside; new trial awarded.*