ELLSWORTH, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 9—March 6, 1951.*

For the plaintiff in error there was a brief by *Sullivan & Beaudry, Michael T. Sullivan,* and *Robert J. Beaudry,* all of Milwaukee, and oral argument by *Robert J. Beaudry* and *Michael T. Sullivan.*

For the defendant in error there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

MARTIN, J.   The defendant was charged in count one of the information with larceny of one Society Brand suit of the value of $95, committed on January 13, 1950, at the city of Neenah.

Sec. 343.17, Stats., provides in part as follows:

"Any person, who shall commit the crime of larceny by stealing the property of another, any money, goods, or chattels, . . . if the value thereof shall not exceed one hundred dollars and shall exceed twenty dollars, he shall be punished by imprisonment in the state prison or county jail not more than one year nor less than six months or by fine not exceeding two hundred dollars; . . ."

On October 24, 1950, a second count, charging conspiracy, was dismissed on motion of the district attorney. At that time the defendant, being personally present and represented by counsel, pleaded *nolo contendere* to the first count and the court accepted his plea and adjudged him guilty thereon. The court then stated:

"There was a very extensive preliminary examination, and this court has not had an opportunity to examine it. I don't feel at this time that I want to pass sentence without examining the entire record, and there are some four hundred pages of record, I believe."

Evidence was then introduced by the state establishing that on March 29, 1949, defendant was convicted in the superior court in and for the county of Los Angeles, California, on two counts of burglary in the second degree and was sentenced to two consecutive terms in the county jail of Los Angeles county, each of said sentences being for the period of six months; and that on September 27, 1949, the defendant pleaded guilty to a criminal charge in the district court for Douglas county, Nebraska, and was sentenced to pay a fine of $100 and costs taxed at $14.50.

Court adjourned to November 6, 1950, at which time the law applicable to the penalties of this case was argued in detail by counsel for the defendant and the district attorney, and the court then pronounced the judgment and sentenced defendant pursuant to the "repeater statute," sec. 359.13, Stats. 1947.

Defendant now asserts that the trial court was in error in adjudging the plaintiff in error guilty on his plea of *nolo contendere* "when the trial court did not examine the information and the state did not introduce any evidence to substantiate the alleged larceny." Defendant's plea is a waiver of proof.

The record shows that the court knew the contents of the information as it stated: "You are entering a plea of *nolo contendere* to count No. 1 of the information, which charges the larceny of one suit of clothes alleged to have been stolen from Lohse's Exclusive Tailor Shop at Neenah?" This was answered affirmatively by defendant's counsel.

The plea of *nolo contendere* admits matters alleged in the information when the plea is entered, and places the defendant in the same position as though he had pleaded guilty or had

been found guilty by the verdict of a jury. *Brozosky v. State* (1928), 197 Wis. 446, 451, 222 N. W. 311.

We set this out in detail because counsel for defendant argued at great length that the defendant was deprived of some rights. Nothing produced in the argument, the briefs, or the proceedings as shown by the bill of exceptions before or after the plea of the defendant, tends in any way to overcome the presumption of regularity which attends all court proceedings.

Sec. 359.13, Stats. 1947, is applicable to the crime committed prior to July 1, 1950, notwithstanding that sentence was imposed after that date. That statute provides:

"When any person is convicted of any offense punishable by imprisonment in the state prison or in the county jail, in the discretion of the court, and it is alleged in the indictment or information and proved or admitted on the trial or ascertained by the court after conviction that he had been before sentenced to imprisonment, either in any state prison or county jail, by any court of this state or of any other state or of the United States, and that such sentence remains of record and unreversed, whether pardoned therefor or not, he may be punished by imprisonment in the state prison not less than the shortest time fixed for such offense and not more than five years, or in the county jail not less than the shortest time fixed for said offense and not more than one year."

Sec. 171, ch. 631, Laws of 1949, consolidated secs. 359.12 to 359.15, Stats. 1947, and renumbered them sec. 359.12, to read as they appear in the 1949 statutes.

Sec. 244, ch. 631, Laws of 1949, provides as follows:

"This act shall take effect on July 1, 1950. *Except for provisions altering penalties,* the provisions of this act shall apply to prosecutions pending on that date, but it shall not be error to proceed under the statutes of 1947 in such prosecutions."

The legislature made the act effective July 1, 1950. It enacted that the provisions should apply to pending cases but

that it should not be error to proceed under the statutes of 1947. It expressly excepted provisions altering penalties from application to pending cases because, principally in the case of the revised repeater law, such provisions and their application to crimes committed prior to the date of the act would, in some instances, be unconstitutional as constituting an *ex post facto* law. 15 Am. Jur., Criminal Law, p. 165, sec. 516. The exception of provisions altering penalties from application to pending cases had the effect of preserving the 1947 repeater section as to any crime committed prior to July 1, 1950, the effective date of the act. 15 Am. Jur., Criminal Law, p. 167, sec. 517; Anno. 103 A. L. R. 1044.

Under sec. 343.17, Stats., larceny of property worth between $20 and $100 is punishable by "imprisonment in the state prison or county jail not more than one year nor less than six months or by fine not exceeding two hundred dollars." It is, therefore, "punishable by imprisonment in the state prison or in the county jail, in the discretion of the court," within the meaning of sec. 359.13, Stats. 1947. The evidence is ample that the defendant had been before sentenced to imprisonment in a county jail by a court of another state. Defendant was therefore subject, under sec. 359.13, Stats. 1947, to imprisonment in the state prison up to a maximum of five years. The court imposed a maximum of three years, which is well within the maximum term provided in that section.

It is defendant's contention that because sec. 343.17, Stats., provides for an alternative sentence to pay a fine, in lieu of a sentence of imprisonment, it is not within sec. 359.13, Stats. 1947, because the latter statute applies only to crimes punishable by imprisonment in either the state prison or the county jail and that the crime involved in this case is of a different sort, namely, one punishable by imprisonment in either the state prison or the county jail *or by fine*.

A sentence to pay a fine has been construed, in connection with the repeater law, to be a sentence of imprisonment in view of sec. 353.25 (1), Stats., which requires the court to sentence the defendant to be committed to the county jail until the fine and costs are paid or discharged. *State v. Jacobs* (1918), 167 Wis. 299, 303, 166 N. W. 324.

In *Spoo v. State* (1935), 219 Wis. 285, 262 N. W. 696, the defendant was convicted of obtaining $20 in money by false pretenses, contrary to sec. 343.25, Stats. Thereafter it was ascertained that he had previously been convicted of a felony and the court thereupon sentenced him to a term of not less than one nor more than five years in the state prison, pursuant to sec. 359.13. Sec. 343.25 provided (as does sec. 343.17 in the instant case) that the crime be punishable by imprisonment in the state prison or county jail or by fine.

It is our opinion that sec. 359.13, Stats. 1947, applies to the present case and the defendant was properly sentenced pursuant to that statute.

*By the Court.*—Judgment affirmed.