(86 South. 92)

## VACALIS v. STATE. (1 Div. 155.)

(Supreme Court of Alabama. June 3, 1920.)

**1. Receiving stolen goods ⊜⇒3, 8(1)—State must prove knowledge property was stolen; guilty knowledge may be inferred.**

When a person stands charged with receiving stolen property, in violation of Code 1907, § 7329, the state must prove that he knew the property was stolen, though guilty knowledge may be inferred from the circumstances.

**2. Receiving stolen goods ⊜⇒9(2) — Facts charging prudent man with notice do not authorize charge state has met burden.**

If certain specific facts existed, charging a reasonably prudent man with notice the goods he was receiving were stolen, court, on his trial for receiving stolen property, would be authorized to instruct that jury would be warranted in finding he had knowledge, but would not be authorized in charging state met its burden to show knowledge by proof of such facts.

**3. Criminal law ⊜⇒823(1) — Erroneous oral charge not cured by correct written charge.**

A mere misleading oral charge may sometimes be cured by an explanatory written one, but an erroneous oral charge is not cured by giving a written charge which correctly covers the proposition.

**4. Criminal law ⊜⇒823(1)—Refusal of requested charges does not cure erroneous oral charge.**

Acts 1915, p. 815, curing reversible error in refusing requested charges, when proposition asserted is covered by given charges, or oral charge, does not apply to cure of erroneous oral charge by written charge correctly covering proposition.

**5. Witnesses ⊜⇒373 — Showing by defendant that witness charged with same crime knew of immunity agreement between witness' attorney and state essential before interrogating attorney.**

In a prosecution for receiving stolen property, it was essential for defendant to show, or offer to show, in connection with a question to the attorney of a witness charged with the same crime as defendant, as to agreement for witness' immunity, that such witness knew of alleged agreement between his attorney and the state.

**6. Witnesses ⊜⇒198(2) — Communication between attorney and state as to client's immunity from prosecution not privileged.**

A communication between an attorney and a person other than his client or an agent of his client is not privileged, though relating to the client's business, a rule not changed by Code 1907, §§ 3962, 4012; hence an attorney's testimony as to an agreement between him and the state as to immunity from prosecution of his client, a witness was not privileged.

Certiorari to Court of Appeals.

Artemis Vacalis was convicted of receiving stolen property, and he appealed to the Court

---

of Appeals, which affirmed (86 South. 89), and he brings certiorari. Writ awarded, and cause reversed and remanded to the Court of Appeals.

Brooks & McMillan, of Mobile, for appellant.

In holding that Touart was not required to testify, because the communication was privileged. 171 Ala. 19, 55 South. 159; 39 South. 580; 124 Ala. 268, 27 South. 420; 67 Ala. 164; 75 Ala. 546. The oral charge of the court, misstating the law, is not cured by written charges given. 168 Ala. 658, 53 South. 241. The oral charge of the court was clearly erroneous. 8 Ala. App. 257, 62 South. 959; 33 Ala. 434; 17 N. D. 519, 117 N. W. 869; 80 S. C. 368, 61 S. E. 1073; 62 N. J. Law, 40, 40 Atl. 641; 34 Cyc. 527.

J. Q. Smith, Atty. Gen., for the State. No brief reached the reporter.

ANDERSON, C. J. [1, 2] When a person stands charged with the offense of receiving stolen property, under section 7329 of the Code of 1907, it is incumbent upon the state to show, among other things, that he knew the property was stolen. Fulton v. State, 8 Ala. App. 257, 62 South. 959, and cases there cited; Collins v. State, 33 Ala. 434, 73 Am. Dec. 426. Of course, guilty knowledge may be inferred from facts and circumstances, in the absence of proof of actual knowledge. Like most facts, it may be inferred from other sufficient facts and circumstances, and if certain specific facts existed, which would charge a reasonably prudent man with notice, the trial court would be authorized to instruct the jury that they would be warranted in finding that the defendant had knowledge that the goods were stolen; but the court would not be authorized, as was done in this case, in charging the jury that the state met the burden of proof of showing knowledge by showing facts that would lead an ordinarily prudent man to believe they were stolen. This, in effect, charged the jury that the defendant had knowledge that the goods were stolen, if the hypothesized circumstances existed, when it was for the jury to determine whether or not the state met the burden of showing knowledge by proof of said facts or circumstances. So much of said oral charge as was excepted to by the defendant was not only upon the effect of evidence, but invaded the province of the jury. Collins v. State, supra.

[3, 4] The Court of Appeals further declined to reverse the trial court as to this erroneous oral instruction, upon the idea that, if it was error, the same was cured by giving two written charges requested by the defendant. A mere misleading oral charge may sometimes be cured by an explanatory written one; but this court has heretofore held, and properly so, that an erroneous oral charge is not cured by giving a written charge which correctly covers the proposition erroneously stated in the oral charge, as the jury would not know which to heed or follow. Birmingham L. & P. Co. v. Seaborn, 168 Ala. 658, 53 South. 241. Acts 1915, p. 815, does not apply to this point. It cures reversible error for refusing requested charges, when the proposition asserted is covered by given charges, or by the oral charge of the court, but does not apply to an erroneous oral charge of the court. Moreover, if the rule was as asserted by the Court of Appeals, charges A and B given for the defendant could not and did not correct the error in the oral charge. They merely set up the requisites of the offense, and what the state was required to prove, while the oral charge dealt with the effect of the evidence, and invaded the province of the jury by instructing them that the state met the burden as to defendant's knowledge upon proof of certain facts and circumstances, when it was for the jury to determine whether or not the state, by showing these facts and circumstances, met the burden of proof.

[5, 6] We agree with the holding of the Court of Appeals that it was essential for the defendant to show, or offer to show, in connection with the question to the witness Touart, that Pickens knew of the agreement between him and the solicitor whereby he, the said Pickens, was to receive some immunity in case he would testify as a witness upon the trial of the present defendant; but the Court of Appeals further held that the said agreement with Touart, the attorney of the witness Pickens, and the solicitor, was such a privileged communication as to forbid Touart from testifying as to the same. As to this, the Court of Appeals is in error. "A communication between an attorney and a person other than his client, or an agent of his client, is not privileged, although it may relate to the client's business." 40 Cyc. 2363; M. & M. R. R. Co. v. Yeates, 67 Ala. 167; Kling v. Tunstall, 124 Ala. 272, 27 South. 420; White v. State, 86 Ala. 75, 5 South. 674. This rule is in no wise changed by section 3962 or 4012 of the Code of 1907.

The writ of certiorari is awarded, and the cause is reversed and remanded to the Court of Appeals for further consideration, in conformity with this opinion.

Reversed and remanded.

All the Justices concur.