## BLACK v. STATE. (4 Div. 94.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied Aug. 4, 1925.)

1. **Criminal law** ⟻753(2) — **Overruling accused's request for general affirmative charge in his favor held not error.**

Where evidence of guilt was conflicting, the overruling of accused's request for general affirmative charge in his favor was not error.

2. **Indictment and information** ⟻19—**Indictment for forging instrument held good as against demurrer.**

Indictment based on Code 1907, § 6910, for forging instrument, following form within section 7161, *held* good as against demurrer, in view of sections 7132, 7151.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

James E. Black, alias Jim Black, was convicted of forgery in the second degree, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Black, 213 Ala. 534, 105 So. 704.

The indictment is as follows:

"The Grand Jury of this county charge that, before the findings of this indictment, Jim Black, alias James E. Black, with intent to injure or defraud, did falsely make, alter, forge, counterfeit, an instrument in writing, in words and figures substantially as follows:

"Received of James E. Black the sum of $375.00 in full settlement and compensation any and all damages that might arise from passing the station at Chancellor with Mrs. Ola Johnson, and I hereby release for the above consideration both the Central Railroad of Georgia and J. F. Oliver, its agent or conductor, from all damages in any way arising out of this case and agree not to file any suit in any courts about this cause. This Nov. 6, 1923.

"Mrs. Ola Johnson.
"C. W. Simmons,
"Attorney for Mrs. Ola Johnson."
"Witnesses:  J. E. Black.
his
"J. R. X Atkins.
mark

"Or with intent to injure or defraud did utter and publish as true the said falsely altered, forged, or counterfeited instrument in writing knowing the same to be so altered, forged, or counterfeited, against the peace and dignity of the state of Alabama."

Defendant demurred to the indictment substantially upon these grounds: It charges no offense known to the law of Alabama; it is vague, indefinite, and insufficient, and fails to charge defendant with the crime of forgery in any degree, because it fails to allege where the instrument was altered, forged, etc.; that it fails to allege the time when and place where the crime was committed; that it attempts to charge two separate offenses in a single count.

E. C. Boswell, of Geneva, for appellant.

Where a paper has not, on its face, the capacity to injure or defraud, so as to be the subject of forgery, but is so by reason of extrinsic facts, such facts should be averred in the indictment. Burden v. State, 120 Ala. 388, 25 So. 190, 74 Am. St. Rep. 37; Burnett v. State, 18 Ala. App. 393, 92 So. 522; Hobbs v. State, 75 Ala. 1; Fomby v. State, 87 Ala. 36, 6 So. 271. To authorize an indictment for forgery, the instrument must possess some legal validity, or be legally capable of effecting a fraud. Dixon v. State, 81 Ala. 61, 1 So. 69; Murphy v. State, 118 Ala. 137, 23 So. 719; Williams v. State, 90 Ala. 649, 8 So. 825.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It is sufficient if the instrument is legally capable of effecting a fraud, or if it appears that another might be injured by it. If it carries on its face the possibility of any person being injured or defrauded, no extrinsic facts need be averred. Dixon v. State, 81 Ala. 61, 1 So. 69; Fomby v. State, 87 Ala. 36, 6 So. 271; Burden v. State, 120 Ala. 388, 25 So. 190, 74 Am. St. Rep. 37; Lessley v. State, 18 Ala. App. 657, 94 So. 262; Burnett v. State, 18 Ala. App. 388, 92 So. 521; Dudley v. State, 10 Ala. App. 130, 64 So. 534; Ex parte Dudley, 188 Ala. 77, 66 So. 91.

RICE, J. The defendant was convicted of the offense of forgery in the second degree, and appeals.

[1] It would serve no useful purpose to discuss the evidence. That for the state tended to show the guilt of the defendant as charged, and that for the defendant tended to show his innocence. There was no error in overruling defendant's request for the general affirmative charge in his favor. The exceptions reserved by defendant on the admission or rejection of testimony have each been examined, and in each instance we find the trial court's action free from prejudicial error.

[2] The principal insistence of error made by counsel for appellant in his able brief filed on this appeal is as to the action of the trial court in overruling defendant's demurrers to the indictment. We have carefully followed the able counsel in his argument in this regard, but find ourselves unable to agree with his contention.

The pertinent provisions of section 6910 of the Code of 1907, under which the indictment was drawn, are as follows:

"Any person who, with intent to injure or defraud, falsely makes, alters, forges, counterfeits, * * * any * * * receipt for the payment of money, * * * or who, with such intent, utters and publishes as true any falsely made, altered, forged, or counterfeited instrument, writing, indorsement, or entry, specified

or included in this section is guilty of forgery in the second degree."

The indictment in this case seems to fall squarely within the purpose of the statute quoted, and follows the code form for the offense there denounced. Code 1907, § 7161. For this reason alone we think the demurrers to the said indictment were properly overruled. Code 1907, §§ 7132, 7151; Sims v. State, 155 Ala. 96, 46 So. 493.

There appearing no prejudicial error in the record, the judgment will be affirmed.

Affirmed.