(128 So. 209)

## LINDSEY v. STATE.

6 Div. 585.

Court of Appeals of Alabama.
Jan. 21, 1930.

Rehearing Denied Feb. 11, 1930.

K. V. Fite, of Hamilton, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The indictment was in Code form and with a change of the articles alleged to have been bought, etc., is in the exact words of the form. Code, § 4556, Form 90.

 This form does not follow the wording of section 4912 of the Code of 1923, under which this prosecution was brought, but omits, "or having reasonable grounds for believing that it has been stolen." On the trial the court refused to give at the request of defendant charges 2 and 6 as follows:

"You should not convict the defendant unless you are satisfied from the evidence beyond a reasonable doubt that at the time of the purchase defendant knew the cotton had been stolen.

"Unless the defendant knew the cotton bought by him was stolen at the time he bought the cotton he would not be guilty; and if you are not satisfied from the evidence beyond a reasonable doubt that at the time defendant bought the cotton he knew it had been stolen you should find defendant not guilty."

On the contrary, in his oral charge the court charged the jury: "If he knew it was stolen, or that he had reasonable grounds for believing that it had been stolen," etc., defendant would be guilty. The charge of the court was in the exact words of the statute, and therefore was without error unless the form of indictment laid down in the Code is not broad enough to cover the crime denounced by the statute. As to this, it is now the settled law that it is sufficient to embrace every allegation required by the statute. Kibble v. State, 18 Ala. App. 453, 92 So. 910; Black v. State, 21 Ala. App. 94, 105 So. 703; Hall v. State, 21 Ala. App. 476, 109 So. 847; Jinright v. State ex rel. Attorney General, 220 Ala. 268, 125 So. 606.

 The phrases "knowing that it has been stolen" and "having reasonable grounds for believing that it has been stolen" are

**412**

synonymous; or perhaps it would be more correct to say that one phrase qualifies the other in such sense that they mean the same thing. In a prosecution under this statute, the guilty knowledge necessary to a conviction in almost every case must rest in inference, and therefore the lawmaking power has fixed it so that if a man has reasonable grounds for believing that property has been stolen and he buys it, it is the same thing as if he had knowledge of the act itself. Hence the charges requested were bad, in that they were not broad enough to cover the whole of the statute. When read in connection with the statute, these charges do, strictly speaking, state the law; but in that they omit the latter phrase they are misleading.

Code 1907, § 7329, in effect at the time the opinion was rendered in Vacalis v. State, 204 Ala. 345, 86 So. 92, and Code 1852, § 3178, in effect at the time of the opinion in Collins v. State, 33 Ala. 434, 73 Am. Dec. 426, have been materially changed by Code 1923, § 4912, so as to render the decisions in those cases inapplicable here. The court's oral charge was in exact accord with the statute as it now appears.

There being no reversible error in the record, the judgment is affirmed.

Affirmed.