(139 So. 118)

## MOTT v. STATE.

### 6 Div. 147.

Court of Appeals of Alabama.
Jan. 12, 1932.

R. A. Cooner, of Jasper, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

**RICE, J.**

Appellant was convicted of the offense of "buying, receiving, concealing, etc., stolen property." Code 1923, § 4912.

He excepts to the trial court's charging the jury orally that, the other elements of the offense being duly shown, it would suffice, for a conviction, that they be convinced by the evidence beyond a reasonable doubt that he had "reasonable grounds for believing" that the property in question had been stolen, and cites, as sustaining his contention for error in this regard, our recent case of Maughan v. State, ante, p. 259, 133 So. 918.

But the opinion in this case of Maughan v. State, when read in connection with our earlier case of Lindsey v. State, 23 Ala. App. 411, 128 So. 209, it will be observed, does not support appellant's contention.

As pointed out in the opinion in the Lindsey Case, supra, the allegation in the indictment (Code 1923, § 4556, form 90) that appellant did buy, receive, conceal, etc., the property, etc., "knowing that it was stolen," etc., is properly proved by showing in the required way, and to the required degree, that accused (appellant) "had reasonable grounds for believing that it had been stolen"; so the exception referred to is without merit.

Under the rules laid down in the Maughan and Lindsey Cases, supra, as well as in the case of Fulton v. State, 8 Ala. App. 257, 62 So. 959, we are of the opinion, after a careful examination of the evidence in this case, that appellant was not due the affirmative charge duly requested by him.

Neither was there error in overruling his motion for a new trial as for an insufficiency of the evidence to sustain the verdict and judgment of guilt.

But the judgment of conviction must be, and is, reversed, and the cause remanded on account of the two rulings following:

1. It was prejudicial error to admit in evidence the "statement," designated Exhibit A, offered by the state; said "statement" purporting to be of "junk" bought by one Shumaker from appellant. This statement, while bearing date of September 17th (the date when it was made, and when the "junk" therein listed was bought), was offered as tending to prove that the articles therein described were, some of them (the copper wire), those bought by Shumaker from appellant prior to the visit to his, Shumaker's, place of business, by the witness Jim Lakey and others some time in July. Of course it had no such tendency; and we think its admission manifestly prejudicial.

2. The admission in evidence of the testimony of the witness Benton, on rebuttal for the state, as to what Mr. Bankhead said to appellant or showed to appellant in Mr. Bankhead's office, as to a certain piece of wire (shown to be a piece of the stolen wire alleged to have been bought, received. concealed, etc., by appellant) being "freshly cut off." In the first place, the said action of Mr. Bankhead was not such, nor was any statement said to have been made by him such, as to call for any reply from appellant; hence the implied admission by silence of appellant in the face thereof was not admissible against him. In the second place, the admission of said testimony violated the "hearsay rule." And, lastly, said testimony appears to us to be entirely irrelevant.

Reversed and remanded.