163 So. 393

## FARZLEY v. STATE.
8 Div. 34.

Court of Appeals of Alabama.
March 19, 1935.

Rehearing Denied April 16, 1935.

Fred S. Parnell, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Justice.

Two detectives, Little and Fason, procured two negroes to burglarize the storehouse of Mr. Jenkins, which they did, under the supervision of Little and Fason about 3 a. m. From the storehouse they took and carried away a lot of groceries, tobacco, cigarettes, etc. Under a previous arrangement between Fason and this defendant, the tobacco, cigarettes, and snuff were sold and delivered to this defendant at his store on the morning of the burglary by Fason, who made the delivery about 8:15 a. m. at an agreed price of $15, which was paid to him that night. Of this amount Fason paid to the negroes

388

$3.75 each and paid the other $7.50 to the city commission of the city of Florence by whom he was employed. The foregoing is the testimony of Little and Fason and is without corroboration except as to the fact that Jenkins' store was burglarized and a lot of goods were taken. None of the goods stolen from the Jenkins' store were ever traced to the possession of defendant, except as hereinabove stated.

The defendant, as a witness in his own behalf, denied having received the goods as testified to by Fason and offered some evidence tending to corroborate his statement.

The court refused to give, at the request of defendant, the general affirmative charge and in his oral charge instructed the jury, "Before you can convict the defendant you must believe that the personal property of Jenkins was received or bought or that he aided in concealing, or buying, or having reason to believe it was stolen." To this part of the oral charge the defendant excepted and also separately excepted to that part: "Or having reason to believe it was stolen."

The excerpts from the oral charge excepted to were used by the court in stating to the jury the elements of the offense charged and as fixed by the statute (Code 1923, § 4912). The indictment followed the form laid down in the Code (Code 1923, § 4556, form 90) and charges sufficiently the elements necessary to be proven beyond a reasonable doubt before a conviction can be had. Having reasonable grounds for believing that the goods have been stolen is not an element of the offense charged, but constitutes an evidentiary presumption of fact, from which the jury may and are justified in finding a guilty scienter. A defendant may not be convicted of receiving stolen goods, unless and until the state has shown by the evidence that the defendant knew them to have been stolen, but where the state has shown facts that would lead an ordinarily prudent man to believe the goods were stolen, the jury is authorized to find from such facts that he had the knowledge necessary to warrant a verdict of guilt. Tyler v. State, 17 Ala. App. 495, 86 So. 93; Vacalis v. State, 204 Ala. 345, 86 So. 92; Jordan v. State, 17 Ala. App. 575, 87 So. 433.

■ According to the record in this case, the defendant was convicted solely on the uncorroborated testimony of Fason, who according to his own and other testimony was an accomplice. Fason procured the burglary to be committed; Fason procured the goods to be stolen; Fason made the delivery of the goods to the defendant and collected the money. If Fason is not guilty of stealing the goods from Jenkins, then the goods delivered by him to defendant were not stolen and this defendant cannot be convicted. If the goods were stolen, then Fason and Little were accomplices and no conviction can be had on their uncorroborated testimony. Code 1923, § 5635. There is no evidence in this record tending to connect the defendant with having received the stolen goods, which corroborates the testimony of Fason and Little and for that reason the defendant was entitled to the general charge.

For the error in refusing to give the general charge as requested by defendant, the judgment is reversed and the cause is remanded.

Reversed and remanded.

On Rehearing.

■ Form 90 (Code 1923, § 4556) for indictments contains every charge and allegation to sustain a conviction under section 4912 of the Code of 1923, for buying, receiving, concealing, etc., stolen property. Lindsey v. State, 221 Ala. 175, 128 So. 210. The Lindsey Case, supra, was on certiorari of the case of Lindsey v. State, 23 Ala. App. 411, 128 So. 209, and simply upheld the decision of this court that the indictment was broad enough to cover the charge in the statute. In the Lindsey Case, 23 Ala. App. 411, 128 So. 209, 210, supra, this court held, as it does now, that a conviction cannot be had unless the jury believe beyond a reasonable doubt that at the time of the purchase defendant knew the goods had been stolen, but held the charges requested to have been misleading because not recognizing the amendment to the statute authorizing a conviction if defendant had reasonable grounds for believing the goods to have been stolen. In the Lindsey Case, supra, this court said: " 'Knowing that it has been stolen' and 'having reasonable grounds for believing that it has been stolen' are synonymous; or perhaps it would be more correct to say that one phrase qualifies the other in such sense that they mean the same thing." The above-quoted expression is not a correct statement and not in accord with the decision in that case and other decisions of this court and the Supreme Court. All

of the decisions are to the effect that the defendant at the time of buying, receiving, etc., must know the goods to have been stolen. But a conviction in almost every case resting in inference, a conviction is authorized and will be sustained, if the defendant had reasonable grounds for believing that the goods had been stolen. However strong the evidence tending to show that defendant had reasonable grounds for believing the goods to have been stolen, if as a matter of fact they had not been stolen, there could be no conviction.

The opinion is extended and the application is overruled.