163 So. 394

## FARZLEY v. STATE.

8 Div. 655.

Supreme Court of Alabama.
June 20, 1935.

Rehearing Denied Oct. 17, 1935.

A. A. Carmichael, Atty. Gen., and James L. Screws, Asst. Atty. Gen., for the Motion.

Fred S. Parnell, of Florence, opposed.

FOSTER, Justice.

Section 4912, Code 1923, contains a provision not in section 7329 of the Code of

1907. There was added "or having reasonable grounds for believing that it has been stolen."

As we understand the opinion of the Court of Appeals in this case, it is that the offense is not proven unless the defendant knows that the goods are stolen, but that a conviction may be sustained if the defendant has reasonable grounds for believing that the goods had been stolen, upon the idea that such "reasonable grounds" are sufficient upon which to predicate a finding by the jury as a legitimate inference that such knowledge did in fact exist.

This, we think, is different from what the Court of Appeals held in Lindsey v. State, 23 Ala. App. 411, 128 So. 209. On certiorari, this court did not express a dissent from that opinion. 221 Ala. 175, 128 So. 210.

■ While, as that court states, there is a difference between "knowing that it has been stolen," and "having reasonable grounds for believing that it. has been stolen," it is now of the opinion that knowledge is necessary to a conviction, but that knowledge may be established by showing "reasonable grounds for believing." This is a statutory offense changing the common law. Its elements may be, and are defined by the statute, and, when so, are conclusive, so long as constitutional rights are not violated. The statute in our opinion is plainly expressed, and means that if "reasonable grounds for believing" exist, that element is established, although defendant may have had no "knowledge," and that "reasonable grounds for believing" are not inserted in the statute as a means of proving knowledge, but that it is a substitute for knowledge, in the alternative. Under the statute now, if the jury believes beyond a reasonable doubt the existence of facts which were known to defendant and which are sufficient in the opinion of the jury to show the existence of "reasonable grounds for believing" that the goods were stolen, and they were in fact stolen, no further inquiry in that respect need be pursued. So that we think it is not improper to charge the jury to that effect.

■■ But it is essential to the crime here charged that the goods received by defendant were stolen and retained that status until they were delivered to defendant. If they were stolen, they continued to be stolen goods until they were recovered by their owner or some one for him. Copertino v. United States (C. C. A.) 256 F. 519; People v. Jaffe, 185 N. Y. 497, 78 N. E. 169, 9 L. R. A. (N. S.) 263, 7 Ann. Cas. 348; Kirby v. United States, 174 U. S. 47, 63, 64, 19 S. Ct. 574, 43 L. Ed. 890; State v. Alderman, 83 Conn. 597, 78 A. 331; 53 Corpus Juris 506, § 10.

■ The city detectives procured the negroes to burglarize the store in their presence and take the goods. The detectives saw them do it, and saw them get the goods and bring them direct to their possession. The goods were at all times under their control and observation, and they had the power to prevent them from being carried out of their presence. One of the officers testified that they got the goods or helped get them with the intention of returning them to the owner. They were in exactly the same status as though the detectives themselves had gone into the store and taken the goods without the intention of depriving the owner of them, but to set a trap to catch defendant. The goods were in the custody of the agents of the detectives in their sight and presence and under their control while the negroes were carrying the goods to them.

The detectives were not guilty of larceny or burglary, because they had no criminal intent. There can be no stealing (larceny) unless there is a felonious taking and carrying away; that is, an intent to deprive the owner of the value of his property. Higgs v. State, 113 Ala. 36, 21 So. 353; Holly v. State, 54 Ala. 238; Griggs v. State, 58 Ala. 425, 29 Am. Rep. 762; Green v. State, 68 Ala. 539.

So that we think the Court of Appeals (26 Ala. App. 387, 163 So. 393) was correct in stating that "if Fason [the officer] is not guilty of stealing the goods from Jenkins [the owner], then the goods delivered by him to defendant were not stolen and this defendant cannot be convicted." Without a felonious intent, Fason was not guilty of the theft either as a principal or accomplice. 36 Corpus Juris 797, § 210.

We prefer to rest our concurrence in the reversal on the grounds we have here stated.

We think therefore that the writ of certiorari to the Court of Appeals should be and it is denied.

Writ denied.

ANDERSON, C. J., and THOMAS, BOULDIN, and BROWN, JJ., concur.

GARDNER, J., dissents, being of the opinion the judgment of conviction should be affirmed, and the writ awarded.

KNIGHT, J., not sitting.

On Rehearing.

FOSTER, Justice.

Application for rehearing overruled.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.

GARDNER, THOMAS, and KNIGHT, JJ., dissent.