* Editor's Note: The opinion of the Court of Criminal Appeals of Alabama in Lomax v. State, published in the advance sheets at this citation (355 So.2d 755), was withdrawn from the volume at the request of the court.
This is an appeal from two convictions of buying, receiving, concealing or aiding in concealing stolen property in Jefferson County, Alabama. Sentence was set by the trial court at a total of eight years' imprisonment. At trial the appellant was represented by retained counsel. On appeal the trial court appointed different counsel.
Two questions are presented on appeal: (1) The insufficiency of the evidence and (2) whether the appellant was afforded effective legal counsel at trial.
The testimony was clear and undisputed that on the night of October 21, 1975, two 1966 Volkswagens were stolen. One belonged to Patricia Ard and the other to William Russell Garrick. It is also undisputed that both Volkswagens were found in the back yard of the appellant's grandmother's house approximately two weeks later. The interiors of the Volkswagens had been interchanged so that the interior of Ms. Ard's Volkswagen, which was originally red, was now black. Mr. Garrick's had been changed from black to red. The license plates on the two automobiles had been interchanged and the vehicle identification numbers had been removed and altered.
The license tag from Ms. Ard's Volkswagen was found in the glove compartment of Mr. Garrick's automobile. Evidence technicians from the Birmingham Police Department were able to recover two fingerprint *Page 757 
lifts from this tag. An expert identified these two prints as being the right index and right middle fingers of the appellant.
On November 15, 1975, Sergeant Dwight Lowe interviewed the appellant in the presence of his attorney and after the appellant had consulted with counsel. Sergeant Lowe testified that the appellant told him that he had seen the two Volkswagens at his grandmother's house around Halloween or the last of October and that he had not seen them before. The appellant stated that two days later he saw the white Volkswagen (Ms. Ard's) at his residence and it was being driven by Larry Keeton. When the appellant saw the automobile he told Keeton to "get it away from there" because he "had heard rumors about the car" but would not tell Sergeant Lowe what the rumors were. The appellant then took a stake and broke out one of the headlights. Sergeant Lowe also stated that the appellant told him that he might have touched the cars on the outside but not on the inside.
With this witness the state rested its case. Defense counsel's motion to exclude the evidence was overruled.
For the defense, Ms. Terry Arnold testified that she had seen the brother of the appellant with one of the Volkswagens.
The appellant's brother, James Allen Walker, testified that he purchased both of the automobiles from a friend of his, John Wayne Whitworth, around the last part of August or the first part of October. He placed them in his grandmother's back yard where he was living at the time. The brother testified that he interchanged the upholstery in the Volkswagens and that upon his request, the appellant helped him. The appellant also replaced or "changed out" a starter on one of the automobiles and "might have" touched the license tags "but I don't believe he swapped them out". The brother admitted "swapping the tags out" himself and told the appellant that he had purchased the two vehicles.
The appellant's brother admitted that he had been convicted of burglary and grand larceny in December of 1974, of buying, receiving or concealing stolen property and burglary August of 1976, and also of robbery in late August of 1976.
 I
Initially the appellant argues that the prosecution failed to prove the essential elements of the charged offense.
The elements necessary to prove a prima facie case of buying, receiving, or concealing stolen goods are (1) that the goods in question had been feloniously taken and carried away by someone; (2) that the defendant bought, received, concealed, or aided in concealing the goods, knowing that they were stolen; and (3) that the defendant bought, received, concealed, or aided in concealing the goods without the intent to restore them to the owner. Scott v. State, 55 Ala. App. 318,314 So.2d 921 (1975); Bills v. State, 49 Ala. App. 726, 275 So.2d 706
(1973). All of these necessary ingredients may be, and most of them usually are, shown by circumstances from which the jury, using their everyday common sense and observation, must draw their conclusions. Tyler v. State, 17 Ala. App. 495, 496,86 So. 93 (1920).
The only question in this regard is whether the appellant aided in concealing the stolen automobiles with the requisite and necessary knowledge or criminal intent. Under the appellant's own evidence there is no question that he aided his brother in interchanging the upholstery in the two automobiles. This act in itself, if done with the knowledge that the vehicles were stolen and with the intent not to return them to the owner, would support a conviction for aiding in the concealment of stolen property. Scienter may be inferred by the jury from the facts and circumstances of the entire transaction or event. Vacalis v. State, 204 Ala. 345, 86 So. 92 (1920);Vines v. State, 57 Ala. App. 117, 326 So.2d 307 (1975). If the jury believes beyond a reasonable doubt the existence of facts which were known to the appellant and which are sufficient in the opinion of the jury to show the existence of reasonable grounds for believing that the automobiles were stolen, *Page 758 
and they were in fact stolen, no further inquiry in that regard need be pursued. Farzley v. State, 231 Ala. 60, 163 So. 394
(1935).
Considering all the circumstances in this case, including the testimony of the brother of the appellant which contradicted the statement the appellant gave the police, the question of the appellant's guilt or innocence was due to be submitted to the jury.
Circumstantial evidence will not support a conviction if it is merely consistent with guilt, Jordan v. State, 229 Ala. 415,157 So. 485 (1934), or fairly permits an inference consistent with the accused's innocence. Anthony v. State, 30 Ala. App. 425, 7 So.2d 513 (1942).
However circumstantial evidence may afford satisfactory proof of the corpus delicti and if facts are presented from which the jury may reasonably infer that the crime has been committed, the evidence must be submitted to the jury. Davis v. State, Ala.Cr.App., 331 So.2d 813 (1976).
While mere speculation, conjecture or surmise will not authorize a conviction, the jury is under a duty to draw whatever permissible inferences it may from circumstantial evidence and to base its verdict on whatever permissible inference it chooses to draw. United States v. Strickland,509 F.2d 273 (C.A.Ala. 1975).
On appeal from a conviction based on circumstantial evidence, the task of the reviewing court is to determine whether reasonable minds could conclude that the evidence is inconsistent with the hypothesis of the innocence of the accused-whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilty. Sumeral v. State, 39 Ala. App. 638, 106 So.2d 270
(1958).
Unquestionably this case was close. While from the record it would appear that the jury could have reached a different conclusion, it was, nonetheless, a jury question. This court would not be justified in overturning its finding. Cannon v.State, 17 Ala. App. 82, 81 So. 860 (1919).
 II
The appellant raises the issue of the alleged incompetence of his retained trial counsel and asserts that his attorney failed to subpoena two essential witnesses and failed to adequately prepare and investigate his case. In this regard the allegations of the appellant are serious and of utmost concern to this court.
The record in this case does not reveal that defense counsel was so incompetent as to reduce the trial to a farce or a mockery of justice. Freeland v. State, 43 Ala. App. 406,191 So.2d 245 (1966); Trammell v. State, 276 Ala. 689,166 So.2d 417 (1964). Though the appellant would have this court reject the "farce and mockery" test in favor of a less severe standard for establishing the incompetence of counsel, the present state of the record will not allow this. We note that there is a trend rejecting the traditional "farce and mockery" rule and adopting less stringent criteria in determining the competency of retained counsel. See 74 A.L.R.2d 1390, June 1977 pocket part at p. 29.
Yet even in this serious matter we are bound by the record, which, in this case, reveals no evidence, other than the allegations of the motions for new trial and for post conviction relief, to support the assertions of incompetence. The appellant's statements that the two witnesses his attorney failed to subpoena would have proven his innocence are entirely speculative and without support. In this context it cannot be said that the appellant was denied effective assistance of counsel. Haggard v. State of Alabama, 550 F.2d 1019 (5th Cir. 1977); Howard v. Henderson, 519 F.2d 1176, cert. denied,423 U.S. 1036, 96 S.Ct. 573, 46 L.Ed.2d 412 (5th Cir. 1975).
We have searched the record for error as required by law and have found none. Therefore the judgment of the trial court is due to be affirmed.
AFFIRMED.
All Judges concur. *Page 759