Carolyn Goodman was indicted under § 13A-8-17, Code of Alabama 1975, for "receiving, retaining, or disposing of stolen property," a gold necklace with a gold cross, "while knowing that it was stolen or having reasonable grounds to believe that it had been stolen." The charge in the indictment was for a first degree offense, the stolen property allegedly worth $1,500.00. The jury returned a verdict of guilty of "second degree receiving stolen property" under § 13A-8-18, Code of Alabama 1975, since proof at trial showed the value of the stolen property to be less than one thousand but greater than one hundred dollars.
The trial court set sentence at seven years' imprisonment in the penitentiary after a thorough pre-sentence investigation.
Appellant's subsequent motion for a new trial, based on the sufficiency of the evidence and the trial court's actions in overruling several objections of the appellant during trial, was denied.
During the first week of September, 1979, Charles Barnes burglarized the apartment of Barbara Wingo in Shelby County, Alabama, taking, among other items, a gold necklace with a gold cross. Soon thereafter, this necklace was given by Mr. Barnes to the appellant. The evidence is in sharp conflict as to the circumstances under which Mr. Barnes transferred this property to appellant.
Mr. Barnes testified that he gave appellant the necklace in payment for her future services in trying to negotiate a sale for him of the other merchandise taken during the burglary. Another witness, Chris Hobbs, testified that he witnessed Barnes and appellant discussing a box full of stolen merchandise and saw Barnes give the gold necklace to appellant. *Page 210 
Appellant testified that Barnes gave her the necklace as a birthday present because she was helpful to him while he was in the hospital. She stated that Barnes told her he won it in a poker game. One of appellant's friends, Connie Fuller, confirmed the birthday present explanation, and denied (as did appellant) that there was any discussion about stolen merchandise.
The state produced three witnesses from the Montgomery County Sheriff's Department; Sergeant Dan Jones, Captain W.J. Walker, and Deputy Sheriff David Bryan. In sum, they testified that during the investigation of an unrelated burglary, they had occasion to question appellant about the gold necklace she was wearing. She told them that Charlie Barnes had given her the necklace and denied knowledge that it was stolen. After further investigation, they discovered that it was stolen property, so they returned with a warrant and recovered the necklace from her.
Appellant called as witnesses Kenneth Hitson and D.E. Billingsley, detectives with the Montgomery Police Department. Their cumulative testimony was that due to information they had received from the Elmore County Sheriff's office, they had set up surveillance of appellant's store and her adjoining house trailer. The surveillance lasted approximately four days and occurred between the time of the Wingo burglary and the time the county officers recovered the gold necklace. Officers Hitson and Billingsley concluded that during their surveillance they uncovered nothing to indicate that appellant was dealing in stolen merchandise or that she had received any stolen property knowing it to be stolen.
In rebuttal, the state produced evidence to the effect that appellant used some silver items, also stolen during the Wingo burglary, to purchase drugs from Robert (Bob) Thomas. This evidence was supported by the testimony of two witnesses, Bob Thomas and Teresa Loffa.
Appellant denied this.
The state also introduced evidence, without objection by appellant, that appellant, Carolyn Goodman, sold Chris Hobbs a television set and told him to be careful in taking it to a repair shop because it had been stolen.
Appellant also denied any participation in this transaction.
 I
Appellant contends that the state failed to prove a prima facie case for "receiving stolen property" in that the prosecution did not establish that she had "knowledge" that the necklace was stolen property at the time she received it. We disagree.
The current Alabama statute § 13A-8-16, Code of Alabama 1975, defines the crime of receiving stolen property as follows:
 "(a) A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen . . .
"(b) If a person:
. . . . .
 (2) Possesses goods or property which have been recently stolen . . . this shall be prima facie evidence that he has the requisite knowledge or belief." (Emphasis added)
This statute clearly sets out the Alabama rule that possession of recently stolen goods raises a presumption that the defendant had the requisite "knowledge." Stanley v. State,46 Ala. App. 542, 245 So.2d 827, cert. denied, 286 Ala. 738,245 So.2d 828 (1970). Character v. State, 51 Ala. App. 589,287 So.2d 916, cert. denied, 291 Ala. 775, 287 So.2d 919 (1973).Vines v. State, 57 Ala. App. 117, 326 So.2d 307 (1976); Hunt v.State, Ala.Cr.App., 331 So.2d 834 (1976); Bolding v. State, Ala.Cr.App., 342 So.2d 1372 (1977); Stamps v. State, Ala.Cr.App., 380 So.2d 406 (1980).
The often quoted rationale for this rule appears in Characterv. State, supra, where this court stated:
 "The requisite scienter for the crime of receiving stolen property may be inferred from the recent possession of stolen *Page 211 
goods. Stanley v. State, 46 Ala. App. 542, 245 So.2d 827.
 "In Buckles [Buckles v. State, 291 Ala. 352, 280 So.2d 814 (1972).], supra, our Supreme Court cited with approval the following quotation from the case of Aron v. United States, 8 Cir., 382 F.2d 965, 970:
 `The doctrine that possession of recently stolen property gives a permissible inference of knowledge on the part of the possessor that the property had been stolen, unless the possession thereof is accounted for in a reasonable and satisfactory manner consistent with the circumstances of the possession, is a factually sound and necessary evidentiary rule. Without this evidentiary rule in criminal cases, it would be almost impossible to consider for conviction any of the possessors or fences of stolen property unless they admitted that they knew the property to be stolen, which is an admission not likely to be forthcoming.'"
In the instant case appellant admitted that she had possession of the recently stolen gold necklace. The state's prima facie burden was, therefore, satisfied.
The appellant rebutted this presumption of "knowledge" on her part by her corroborated testimony that the stolen necklace was given to her as a birthday present under circumstances which did not lead her to believe it had been stolen.
Since the state produced evidence to the contrary, the question of knowledge became one for the jury. The jury was free to infer the requisite scienter from the facts and circumstances surrounding the whole transaction. Hunt v. State, supra; Carroll v. State, Ala.Cr.App., 338 So.2d 432 (1976);Waters v. State, Ala.Cr.App., 360 So.2d 358, cert. denied, Ala., 360 So.2d 367 (1978); Franklin v. State, Ala.Cr.App.,378 So.2d 267, cert. denied, Ala., 378 So.2d 270 (1979).
The jury could determine that the requisite "knowledge" was satisfied under the "having reasonable grounds to believe it has been stolen" clause of the statute. Farzley v. State,231 Ala. 60, 163 So. 394 (1935).
The Alabama Supreme Court in Farzley explained:
 "While, as that court states, there is a difference between `knowing that it has been stolen,' and `having reasonable grounds for believing that it has been stolen,' it is now of the opinion that knowledge is necessary to a conviction, but that knowledge may be established by showing `reasonable grounds for believing.' This is a statutory offense changing the common law. Its elements may be, and are defined by the statute, and, when so, are conclusive, so long as constitutional rights are not violated. The statute in our opinion is plainly expressed, and means that if `reasonable grounds for believing' exist, that element is established, although defendant may have had no `knowledge,' and that `reasonable grounds for believing' are not inserted in the statute as a means of proving knowledge, but that it is a substitute for knowledge, in the alternative. Under the statute now, if the jury believes beyond a reasonable doubt the existence of facts which were known to defendant and which are sufficient in the opinion of the jury to show the existence of `reasonable grounds for believing' that the goods were stolen, and they were in fact stolen, no further inquiry in that respect need be pursued."
The jury was adequately instructed in the instant case and, apparently, was convinced by the whole of the evidence that appellant had at least "reasonable grounds for believing" that the necklace she received was stolen.
 II
During the trial of this case the trial court allowed into evidence information regarding the disposition of other merchandise which was stolen at the same time as the gold necklace and testimony about a television set that appellant, allegedly, sold with a warning that it was "probably stolen" merchandise. Appellant raises these actions as error. *Page 212 
As to the latter testimony, there were no objections made during the trial of the case. Matters not objected to at trial cannot be considered for the first time on appeal since review by this court is limited to those matters on which rulings are invoked in the trial court. Harris v. State, Ala.Cr.App.,347 So.2d 1363, cert. denied, Ala., 347 So.2d 1368 (1977), and numerous cases cited therein; Pope v. State, Ala.Cr.App.,365 So.2d 369 (1957); Oates v. State, Ala.Cr.App., 375 So.2d 1285
(1979).
However, the appellant did raise timely objections to the introduction of evidence concerning several items of silver stolen during the same burglary in which the gold necklace was taken. The trial court overruled appellant's objections and allowed evidence that appellant had used these stolen silver items to buy drugs. Appellant denied knowledge of these items or any transactions involving them.
Appellant is correct in his assertion of the general rule that evidence of other or collateral crimes (here the receipt of the stolen silver items) is not admissible as substantive evidence to establish the guilt of an accused of a particular crime. United States v. Turquitt, 557 F.2d 464 (5th Cir. 1977);Crow v. State, 28 Ala. App. 319, 183 So. 897 (1938); Johnson v.State, Ala.Cr.App., 335 So.2d 663, cert. denied, Ala.,335 So.2d 678, cert. denied, 429 U.S. 1026, 97 S.Ct. 649,50 L.Ed.2d 629 (1976); Scott v. State, Ala.Cr.App., 353 So.2d 36, cert. denied, Ala., 353 So.2d 40 (1977); Pope v. State, supra.
In United States v. Turquitt, supra, the U.S. Fifth Circuit stated the rationale for this rule as follows:
 "This rule is necessary to prevent conviction based on a jury belief that the accused is a person of bad character. The jury's determination of guilt or innocence should be based on evidence relevant to the crime charged."
However, there are numerous and well-established exceptions to the general rule. For a good discussion of these exceptions and examples of the variety of methods for classifying them seeCrow v. State, supra; Johnson v. State, supra; Scott v. State, supra; Pope v. State, supra. For our purposes the most concise statement of the exceptions and a relevant application was stated by Judge Bowen in Pope v. State, 365 So.2d, at 371, as follows:
 "Evidence of the accused's commission of another crime is admissible to show guilty knowledge, criminal intent, and plan, design, scheme or system.
 "Evidence of the accused's commission of another crime is admissible if his knowledge of a certain fact (which usually means his reason to believe the existence of such fact in consequence of things seen by him or information received by him) is an element of the now-charged crime and his commission of such other crime was reasonably calculated to bring him such knowledge." (Citations omitted.)
In the instant case "knowledge" by the appellant that the gold necklace was stolen (or some substitute for such "knowledge") was a key element to the prosecution's case. Therefore, it was proper to admit evidence that appellant received other items stolen at the same time as the necklace and that she knew these items were stolen.
Such evidence would also fit the "res gestae" exception to the inadmissibility of collateral crimes. This exception includes acts which were part of the whole or same occurrence or same transaction such that they could be considered relevant by the trial court as part of the "res gestae." Johnson v.State, supra.
Consequently, this evidence was properly admitted by the trial court under either of these exceptions.
 III
Appellant further contends that the trial court erred in dismissing her Motion to Produce. Specifically, appellant complains that the state did not produce accurate criminal records necessary for the impeachment of two witnesses, and did not provide for inspection of certain items of physical evidence prior to the trial. *Page 213 
These contentions are without merit.
During the trial, each of the witnesses in question, Charlie Barnes and Bob Thomas, freely admitted past criminal conduct sufficient for appellant's impeachment purposes. The jury, apparently, chose to believe their testimonies in spite of their past records.
As to the items of silver placed in evidence during trial, there is nothing in the record to indicate that appellant was refused access to these items prior to trial, or that the absence of a pre-trial inspection in any way prejudiced appellant.
Moreover, the Motion to Produce filed by appellant in this case was of the "scatter-gun" variety properly rejected inHurst v. State, 54 Ala. App. 254, 307 So.2d 62, cert. denied,293 Ala. 548, 307 So.2d 73 (1974). Since the denial of such motions is within the discretion of the trial court and no harmful error resulted, we find no abuse of discretion by the trial court. Smith v. State, 282 Ala. 268, 210 So.2d 826
(1968); Thigpen v. State, 49 Ala. App. 233, 270 So.2d 666
(1972); Hurst v. State, supra; Perry v. State, Ala.Cr.App.,371 So.2d 969, cert. denied, Ala., 371 So.2d 971 (1979).
For the above stated reasons this judgment is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.