SAM W. TAYLOR, Judge.
Appellant was found guilty of receiving stolen property in the second„degree in violation of Code of Alabama, 1975 § 13A-8-18. He was sentenced to twelve years’ imprisonment.
The only issue argued by appellant is whether the State proved the elements of the offense as set forth in the indictment sufficiently to sustain the verdict. The State presented the following:
Charles Covington stated that on April 13, 1981, around 4 p.m. he returned home from work to find that his home had been burglarized.
He stated that a number of items, including a photograph album and a calculator, were missing. He estimated the value of the photograph album at $140. He identified the property in the trunk and back seat of a tan car.
State’s second witness, Police Officer Walter Zimmerman, testified that on April 13,1981, at approximately 2:30 p.m., he was called to investigate a burglary at the home of Roy Sellers, located about three blocks from the Covington house. Officer Zimmerman stated that a neighbor of Mr. Sellers had seen two black females leaving the Sellers house carrying plastic bags, and had helped them over a fence.
Officer Zimmerman received a description of the vehicle involved in the burglary. He found the car described stalled in an alley near the Sellers home. The car, a tan Buick Riviera, was occupied by appellant's sister, Karen Speed. After noticing property in the back seat of the car, Officer Zimmerman arrested Karen Speed as well as another female who arrived shortly thereafter. The appellant was also arrested when he arrived on the scene three or four minutes after the first two arrests.
*555 State’s third witness was Charles Allen, custodian of records for Jefferson County Department of Revenue. He testified that the Buick Riviera described by Officer Zimmerman was registered to the appellant, Roderick K. Speed.
Roy Sellers, the State’s next witness, testified that his house had been ransacked and burglarized. He also identified some of the property in the car.
Mr. Sellers then testified that the next day, April 14th, he found the appellant’s driver’s license near the back gate of his house and turned it over to the police.
Sergeant Horn, who corroborated some of the earlier testimony, was recalled by the State later at trial. Sergeant Horn also testified that Karen Speed had signed a statement admitting her involvement in the burglaries. In addition, he testified that Karen Speed had told him that her brother, the appellant, had driven her to the burglaries.
After carefully reviewing the transcript from which the summary of the State’s case was taken, we find no support for appellant’s claim that the elements of the crime of receiving stolen property in the second degree were not met.
The elements of that crime, as listed by this Court in Walker v. State, 355 So.2d 755, 757 (Ala.Cr.App.1978), are as follows:
1. That the goods in question had been feloniously taken and carried away by someone;
2. That the defendant bought, received, concealed or aided in concealing the goods, knowing that they were stolen; and
3. That the defendant bought, received, concealed or aided in concealing the goods without the intent to restore them to the owner.
In addition, proof of value of the stolen property is necessary to uphold a conviction for receiving stolen property. Tanner v. State, 37 Ala.App. 256, 66 So.2d 827, rev’d on other grounds, 259 Ala. 306, 66 So.2d 836 (1953).
Appellant concedes proof of the first element listed above. We find, in addition, that the State offered sufficient evidence to prove that the appellant knew the goods were stolen and that he had no intent to return them to their owner.
The requisite intent for a crime may be inferred by a jury from a totality of the surrounding circumstances. Walker, supra.
A conviction for receiving stolen property cannot stand without proof of the value of the property concerned. However, the law is clear that such value may be proven by non-experts. Tanner, supra. Witness Covington testified that his photograph album alone was worth $140. Viewed by this standard, the State’s evidence was indeed sufficient to sustain the verdict.
Since we find no error in the record, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.